## BRADLEY v. WILLIAMS.

1. TAXATION — SALES — NOTICE — MISDESCRIPTION OF OWNER'S ESTATE.

A notice of the sale of land for taxes, personally served upon the owner, is good though addressed to him as mortgagee instead of owner.

2. SAME—SUFFICIENCY OF NOTICE.

The statute does not require a tax sale purchaser to exhibit to the owner with his notice a certified copy of his deed and a certificate that the report of sale has become absolute.

Appeal from Muskegon; Russell, J. Submitted February 9, 1905. (Docket No. 23.) Decided February 28, 1905.

Petition by William Bradley against John Williams and another for a writ of assistance. From a decree for petitioner, defendants appeal. Affirmed.

*Stephen H. Clink*, for petitioner.

*F. W. Cook*, for defendants.

HOOKER, J. John Williams, being owner in fee of certain premises, failed to pay the taxes for the year 1897, and James P. Cross purchased them at delinquent tax sale, and the sale was duly confirmed. On December 14, 1901, a notice intended to be in compliance with the statute was personally served upon Williams. It is alleged that this notice was insufficient for the reason that it was addressed to "John Williams, *mortgagee* of land herein described," instead of "John Williams, owner," etc. Subsequently Cross sold his interest in the land to Bradley, who, on November 13, 1903, filed a petition for a writ of assistance, making Williams and his tenant, Brustad, parties. They answered, and upon the hearing the prayer

of the petition was granted, with costs, and the defendants have appealed.

Two points are involved: (1) The inaccuracy in the notice already mentioned; (2) the failure of Mr. Cross to exhibit to Mr. Williams a certified copy of his deed, and a certificate that the "report of sale has become absolute." It is conceded that the notice would have been good had it been addressed to "Mr. Williams, owner," or to "Mr. Williams," or even had it not been addressed to any one; but it is contended that the misdescription of the estate or interest of Mr. Williams invalidated the notice. This is overtechnical. The law was intended to protect landowners against the loss of land through ignorance or forgetfulness of the fact of its sale for taxes. Mr. Williams was informed by this notice of the fact that his land had been sold, and that was sufficient.

The statute does not require the service of evidence of the sale or confirmation, as in foreclosure cases. It prescribes a form which was followed, and the statute was fully complied with.

The order of the circuit court is affirmed.

MOORE, C. J., and CARPENTER, McALVAY, and GRANT, JJ., concurred.