WILLIAMS v. OLSON.

1. PLEADING—DEMURRER—EFFECT AS ADMISSION.

A demurrer does not admit the truth of an allegation in the bill that certain notices were not signed, where they are attached to the bill as exhibits, and affirmatively appear to have been signed.

2. TAXATION—SALES—NOTICE OF PURCHASE—SERVICE OF COPIES.

An objection that copies of the notices of tax sale purchases were served instead of originals is not tenable where the record shows that exact duplicates were served.

3. SAME—NOTICE—SUFFICIENCY.

The tax law (Act No. 229, Pub. Acts 1897) does not require that, when a single deed is issued by the auditor general for the taxes of several years, the notice given by the purchaser shall show the amount of the taxes for each of the years.

4. SAME—NOTICE—MISDIRECTION.

The notice of sale of land for taxes is not invalid because directed to a particular person named as owner where he is in fact the owner.

5. SAME—NOTICE—SERVICE—NECESSITY.

The notice of sale of land for taxes, required by the statute (Act No. 229, Pub. Acts 1897) to be served upon the owner by the sheriff, at the instance of the purchaser, in order to set running the limitation that will entitle him to possession, is not jurisdictional, since the parties are already in court, and the sheriff's return is not conclusive, but the proper service of the notice is a fact which must exist, and if questioned must be shown to exist, before the purchaser will be

entitled to enter, to a writ of assistance, or to maintain ejectment.

**6. SAME—SHERIFF'S RETURN—CONCLUSIVENESS.**
The sheriff's return of service of a notice of the sale of land for taxes is not conclusive, but may be attacked either by the landowner or the tax title holder in affirmance or in avoidance of the tax title and of acts attempted in reliance upon it.

**7. SAME—SERVICE—DEPUTY SHERIFF.**
The sheriff may serve a tax purchase notice by deputy.

Appeal from Iron; Stone, J. Submitted October 11, 1905. (Docket No. 38.) Decided October 31, 1905.

Bill by George R. Williams against Mary E. Olson and others to set aside certain notices of tax sales, and to restrain trespasses upon land. From an order overruling a demurrer to the bill, defendants appeal. Reversed and record remanded.

*John F. Carey*, for complainant.
*Isaac W. Byers*, for defendants.

OSTRANDER, J. Complainant, describing himself as a nonresident of the State, filed his bill of complaint, asking that the service of certain tax notices be set aside, and that an injunction issue, forbidding defendants to enter upon certain described lands and to cut or remove timber therefrom. It is alleged in the bill that complainant is owner in fee simple of the lands described, and that his deed is of record in Iron county, Mich., where the lands lie. When he became owner, of whom he purchased, and the date and place of record of his deed are facts not set out. It is alleged that one of the defendants holds two certain tax deeds received from the auditor general; one conveying a portion of the lands, and the other the remainder, issued after Act No. 229, Pub. Acts 1897, took effect, for which deeds she paid a total of $95.83. It is further alleged that said defendant caused to be served upon "V.

A. Goddard, administrator of the estate of E. G. Goddard, deceased, on the fourteenth day of September, 1901, and upon George W. Tolbert, executor of the estate of James Tolbert, deceased, upon the fifth day of October, 1901," certain notices, which, with returns of the sheriff's serving them, are annexed to the bill as exhibits. It is charged that these notices and the service of them are ineffective, and do not comply with the provisions of the tax law, and such service is void because (1) the returns do not show that the persons served were residents of the counties in which service was made; (2) because copies of the notices, instead of the originals, were served; (3) because the notices are not signed by Mary E. Olson, the tax title owner, or by any one with her authority; (4) because the amount of taxes for each year is not given separately; (5) the returns made by the sheriffs do not show that the notices were served upon the grantee under the last recorded deed or deeds in the regular chain of title to the lands therein described, or upon the mortgagee named in any undischarged recorded mortgage, or upon an assignee of any such mortgage; (6) because service of the notices was made in each instance by a deputy sheriff; (7) because the notices are misdirected, in that they name particular persons; (8) it does not appear that returns of service were filed with the county clerk of the county in which the lands are situated. There are allegations of entry upon the lands by defendants, possession taken, timber cut and being cut. The bill does not allege that the notices were not served upon the proper, and the only proper, persons and in counties where they resided, that returns were not filed in the proper county, nor that complainant did not buy the land thereafter with notice, nor that complainant paid anything for the land. The tax titles are not attacked, nor is any offer made to pay defendants any sum of money. The entry alleged to have been made was more than six months after date of filing service of the notices. The bill is verified by one V. A. Goddard, who describes himself as agent of complainant

and acquainted with the facts set forth. To this bill, two defendants, one of them the alleged tax title holder, demurred, assigning various reasons, among which are that all of the material facts set forth in the bill are available to complainant in a suit at law, that complainant has an adequate remedy at law, that the bill shows notices and returns complying in substance and form with the statute requirements, and that the notices and returns are subject to be amended to accord with the facts, and should not be canceled. An order was entered overruling the demurrer, with leave to defendants to answer the bill. From this order an appeal has been taken to this court.

The notices served are each addressed "to E. G. Goddard and James Tolbert, the owner or owners of the land herein described." In all other respects, they follow the statute form (Act No. 229, Pub. Acts 1897). They give the years for which the taxes were levied, descriptions of the land, amount of money paid, and each is signed Mary E. Olson. It cannot be said that, because the bill alleges want of this signature, the fact is admitted by the demurrer, when the exhibits, made a part of the bill, show affirmatively that the notices were signed. So, too, the exhibits affirmatively show, not that copies of the notices, but exact duplicates, were served. The statute does not require, and we think does not contemplate, that, when a single deed is issued by the auditor general for the taxes of several years, the notice given by the purchaser shall show the amount of the taxes for each of these years. The fact that the notices are addressed to persons named, describing them as owners, does not invalidate them. The bill does not aver that they were misdirected. See *Bradley* v. *Williams*, 139 Mich. 230. What has been said disposes of the second, third, fourth, and seventh specific objections to the notices and returns.

The eighth objection, which is quite as technical and as badly founded as are the second and third, might well be answered by the statement that no facts appear, excepting as they are set out in the bill of complaint, and that the

certificates of the clerk of Iron county, a part of the exhibits attached to the bill, read in connection with the remainder of the exhibits, afford abundant evidence of the fact that the returns were filed in Iron county.

The other specific objections made to the notices and returns may be discussed together. The language used in the statute must be, if possible, so construed that the legislative purpose shall be accomplished and effectuated. The legislative purpose is plain. A person who buys delinquent tax lands of the auditor general is not invested with all the rights of a landowner, nor are adverse titles and interests in the land extinguished until the owners of such titles and interests are afforded, by the act of the tax title holder, opportunity to pay the taxes and a penalty, and obtain a reconveyance. A short period of limitation is established, which begins to run upon the giving of the statute notice. The essential idea of the legislation is opportunity for the delinquent taxpayer. The period of opportunity begins with notice, and runs, according to a construction already given the statute by this court, until such time as the tax title holder has brought himself within the statute conditions for taking action. *Pike* v. *Richardson*, 136 Mich. 414. Good faith and honest endeavor on the part of the tax title holder are implied, and want of them may be shown. *Winters* v. *Cook*, 140 Mich. 483. Unless compelled so to do, courts should not so construe the legislation as to make its provisions mandatory, and, so, applicable only to cases where the returns of service of notice show exact conformity with the statute provisions. To do so would not only render the legislation abortive, but would afford the delinquent taxpayer additional security against the collection, by the State, of its revenues. In terms the statute requires a return, made by a sheriff, showing that service has been made upon the grantee or grantees under the last recorded deed in the regular chain of title to said land. Setting aside considerations growing out of the difficulties the sheriff would be likely to experience in

discovering for himself the truth of the fact stated in the return, and the impropriety of certifying to a fact not within his knowledge, we are of opinion that a return reciting the fact may be shown to be false, and that actual proper service of the notice may be shown when the return does not recite the fact. The notice and return are in no sense jurisdictional. For this reason, the cases cited by counsel for complainant are not controlling. But the proper service of notice is a fact which must exist, and must, if questioned, be shown to exist, before the tax title holder is entitled to enter upon the land, to a writ of assistance, or to maintain ejectment. The absence of the fact is, therefore, also a fact which may be shown in a proceeding begun either by landowner or tax title owner, in affirmance or in avoidance of the tax title and of acts attempted in reliance upon it. It follows, necessarily, that it is open to complainant to question the asserted fact in a proceeding directly affecting the right of the defendants to have possession of the land in question.

We have not lost sight of the contention that in section 140 of the tax law (Act No. 229, Pub. Acts 1897) words are used which seem to imply that a return of the proper service of notice, filed with the county clerk of the county in which the land lies, is prima facie evidence of such proper service, and that relief by writ of assistance cannot be had until six months after such proof or return of service is filed.

Reading all provisions of the tax law together, we are, we think, required to hold, and the language referred to permits us to hold, that upon the application for a writ of assistance, which is a proceeding to enforce the decree of the court, which already has jurisdiction of the subject-matter and the original parties, the fact of proper service is, notwithstanding the return, matter to be proven, the actual filing of the return, fixing the date from which the period of limitation must be reckoned. The considerations stated control us in ruling, as we do, that the sheriff

may serve the statute notices by his deputies. The demurrer should have been sustained.

The order appealed from is reversed and set aside, with costs of both courts. As it is possible that the complainant may desire to amend his bill of complaint, the record is remanded.

MOORE, C. J., McALVAY, GRANT, and BLAIR, JJ., concurred.