# APRIL TERM, 1909.

BOUGHNER *v.* BAY CITY.

1. CERTIORARI—DECISIONS REVIEWABLE—ORDER OVERRULING DE-
MURRER.
  Under Act No. 310, Pub. Acts 1905, an order overruling a de-
  murrer to a declaration is reviewable on a writ of certiorari.

2. MUNICIPAL CORPORATIONS—AMENDMENT TO CHARTER—PROSPEC-
TIVE OPERATION—CLAIMS FOR PERSONAL INJURIES.
  Prior to bringing an action for personal injuries caused by a
  defective sidewalk, plaintiff served a notice and claim upon
  the common council sufficient under the provisions of the ex-
  isting charter. Ten days later the charter was amended and
  given immediate effect requiring more specific details in no-
  tices of claims of such nature. *Held,* that, under the rule
  that such legislation operates prospectively only unless made
  retroactive by express words, or necessary implication, plain-
  tiff's cause of action was governed by the terms of the char-
  ter before the amendment.

Certiorari to Bay; Collins, J. Submitted October 16,
1908. (Docket No. 104.) Decided April 6, 1909.

Case by Elizabeth Boughner against the city of Bay
City for personal injuries. There was an order overrul-
ing a demurrer to the declaration, and defendant brings
certiorari. Affirmed.

*S. G. Houghton,* for appellant.

*Oscar W. Baker* (*Lee E. Joslyn,* of counsel), for ap-
pellee.

HOOKER, J. Plaintiff's declaration counts upon an in-
jury sustained by her through a fall upon defendant's
sidewalk on June 7, 1907, alleging the service of the no-
tice hereinafter contained on September 6, 1907. The de-
fendant demurred to this declaration upon the ground that
the notice alleged was not such as the law required. The

demurrer being overruled, the defendant has brought the case here by certiorari under the provisions of Act No. 310, Pub. Acts 1905. This statute is a sufficient answer to plaintiff's claim that certiorari does not lie in this case:

"SECTION 1. Whenever in any action at law in a circuit court a motion to quash the writ or declaration upon jurisdictional grounds, or the issues raised on a demurrer, plea to the jurisdiction or other dilatory plea shall be decided adversely to the party filing such motion, demurrer or plea, the decision may be reviewed by writ of certiorari forthwith. Upon the issue of such writ the Supreme Court may upon proper cause shown, stay the proceedings in the circuit court pending their decision on such writ. Or such decision may be reviewed by assignment of error under a writ of error sued out to review the final judgment in the cause in case such party shall plead over and a final judgment upon the merits shall be rendered against him."

The declaration contains a copy of the notice served, viz. :

"City of Bay City, Mich.,
        "In account with Elizabeth Boughner, Dr.
                "June 7, 1907.
    "To damages sustained on account of injuries received by said Elizabeth Boughner from fall caused by a loose plank and a hole in a defective sidewalk situate on the east side of Adams street, about thirty feet north from the northeast corner of McKinley and Adams streets, in front of the west side of lot 7, block 86, Lower Saginaw:

| | |
|---|---:|
| " 'For pain, suffering and permanent physical injuries | $2,600 00 |
| " 'Expenses incurred by said Elizabeth Boughner in connection with said injuries | 200 00 |
| " 'Expenses incurred by said Elizabeth Boughner for care, nursing, in connection with said injuries | 200 00 |
| | $3,000 00' |

"STATE OF MICHIGAN, } ss. :
    County of Bay. }
    "Elizabeth Boughner, of the city of Bay City, Bay county, State of Michigan, being first duly sworn, deposes

and says that the within and foregoing is her account against the city of Bay City for injuries sustained on the seventh day of June, 1907, as shown by the foregoing statement and account; deponent further says that she verily believes that the services claimed to have been rendered and the property therein charged for were actually performed and furnished to the city of Bay City; that the sums charged in said statement and account for damages, pain and suffering, medicines, nursing and other charges, are reasonable and just, to the best of her knowledge and belief, that the same are now due and unpaid, and that no set-off exists nor have any payments been made on account thereof, except as stated herein, in such account or claim. Further deponent says not.

"ELIZABETH BOUGHNER.

"Subscribed and sworn to before me this 6th day of September, 1907.

"LEE E. JOSLYN,
"Notary Public, Bay Co., Mich.
"My commission expires January 30, 1910."

At the time of the accident defendant's charter (Act No. 514, Local Acts 1903, § 204) provided:

"The common council shall audit and allow all accounts chargeable against the city, except as in this act otherwise provided; and no account, claim or contract shall be received for audit or allowance unless it shall be accompanied by an affidavit of the person rendering it, to the effect that he verily believes that the services claimed to have been rendered or the property therein charged for were actually performed or furnished to the city; that the sums charged therefor are reasonable and just to the best of his knowledge and belief, are due and unpaid, and that no set-offs exist or payments have been made on account thereof, except as stated in such account or claim; and every such account shall exhibit in detail the amount of each item making up the amount claimed. And it shall be a sufficient defense in any court, to any action or proceeding for the collection of any demand or claim against the city of any description whatever, that it has never been presented to the council as aforesaid for allowance, or that the claim was presented without the affidavit aforesaid and rejected for that reason, or that the action or proceeding was brought before the common council had reasonable time to pass upon such account or

claim. And all claims for damages against the city growing out of negligence or default of said city, or any of the officers, agents, employés or boards thereof, shall be presented to the common council of said city, in the manner above provided within six months after such claim shall arise; and in default thereof said claim shall be forever barred. In any action in any court on any such claim, the claimant shall be required to show that such claim has been duly presented in the manner as in this section specified, to the council for audit, investigation and allowance."

Ten days later said section was amended (Act No. 636, Local Acts 1907) to read as follows:

"Sec. 204. The common council shall audit and allow all accounts chargeable against the city, except as in this act otherwise provided, and no account, claim or contract shall be received for audit or allowance, unless it shall be accompanied by an affidavit of the person rendering it, to the effect that he verily believes that the services claimed to have been rendered or property therein charged for were actually performed or furnished to the city; that the sums charged therefor are reasonable and just to the best of his knowledge and belief, are due and unpaid, and that no set-off exists or payments have been made on account thereof, except as stated in such account or claim; and every such account shall exhibit in detail the amount of each item making up amount claimed. And it shall be a sufficient defense in any court, to any action or proceeding for the collection of any demand or claim against the city of any description whatever, that it has never been presented to the council as aforesaid for allowance; or that the claim was presented without the affidavit aforesaid and rejected for that reason, or that the action or proceeding was brought before the common council had reasonable time to pass upon such account or claim. No action shall hereafter be brought or prosecuted against the city or any of its boards of officers, for any injury alleged as the result of any negligence on the part of the city or any board or officer thereof, unless the person injured shall serve or cause to be served, within thirty days after such injury shall have occurred, a notice in writing on the council of said city, which notice shall set forth substantially the time when and the place where such accident or injury occurred, and the manner in which it occurred and

the extent of such injury as far as the same has become known, and that the person receiving such injury intends to hold the city liable for such damages as may have been sustained as aforesaid.    All facts relating to such personal injuries shall be set forth in the affidavit made by claimant.    Such affidavit shall also state the names and addresses of all the claimant's witnesses, the name of the attending physician, or physicians if any; the amount of money, if any, expended for medical attendance; the loss of time and value thereof, and shall fully describe the nature and extent of the injury received, and the amount of compensation claimed by reason of such damage or injury. All claims for damages against the city growing out of negligence or default of said city or of any officer, board or employé thereof, shall be presented in the above manner within thirty days after such damage has been sustained or injury received, and in default thereof shall thereafter be forever barred.    No action shall be maintained in any such case in any event unless the same be brought within one year after such alleged injury shall have been received."

This act was given immediate effect, and counsel for defendant contend that it should be applied to this cause, while counsel for plaintiff deny that it should be construed as retroactive.    We are of the opinion that plaintiff's counsel are right in this, as is indicated by the following cases: *Atherton* v. *Village of Bancroft*, 114 Mich. 243; *Angell* v. *West Bay City*, 117 Mich. 685; *Broffee* v. *City of Grand Rapids*, 127 Mich. 89; *In re Lambrecht*, 137 Mich. 450; *Davis* v. *Railroad Co.*, 147 Mich. 479.

It is suggested that the effect of the amendatory act is to repeal all provisions of the act of 1903 relating to claims for personal injuries under the rule stated in *Bank of Saginaw* v. *Pierson*, 112 Mich. 410, where it is said that it is contended that the case last cited is consistent with defendant's theory that the amended section shows that the legislature intended it to apply to accidents previously suffered, inasmuch as it says:

"No action shall hereafter be brought or prosecuted * * * unless the person injured *shall serve* or *cause*

*to be served* within thirty days after such injury shall have occurred a notice," etc.

We are of the opinion that the language quoted indicates an intention that it should not apply to such, as we cannot infer that they intended to exclude cases wherein the 30 days had already expired, and where perhaps proper notices under the previous law had been seasonably served. *Davis* v. *Railroad Co.*, supra, contains nothing inconsistent with this view. The rule is stated in 1 Lewis' Sutherland on Statutory Construction (2d Ed.), § 237:

"The amendment operates to repeal all of the section amended not embraced in the amended form. The portions of the amended sections which are merely copied without change are not to be considered as repealed and again enacted, but to have been the law all along; and the new parts or the changed portions are not to be taken to have been the law at any time prior to the passage of the amended act. The change takes effect prospectively, according to the general rule."

It is urged that the effect of such a repeal must be to remove all obligations as to notice, and that plaintiff's right of action in this case is therefore unrestricted by any such provisions. The effect of this is somewhat startling. Evidently what was sought was not to remove all requirements in regard to the character of the notice required (thus throwing open wide the door to all cases not barred by the previous statute if not all cases that had accrued within the period of six years), but to impose greater ones. We have held in several cases that we would not infer an intention to bring such cases within the amendatory act, but would leave them to be governed by the law as it theretofore existed, but we think it more reasonable to infer such an intent than that the legislature designed to relieve plaintiff from all requirements as to notice. That is what defendant claims. The prevailing opinion in the case of *Weller* v. *Wheelock*, 155 Mich. 698, appears to sustain such claim, and, had it received the approval of

five judges, might be held to have established such rule, though it could be applied to this class of cases only upon the theory that it had the effect of overruling the cases hereinbefore cited.   Whatever may be said on that subject, no one contended in that case, and it is improbable that any of the judges approving that opinion would have been willing to hold, that the amendment of the statute then under consideration had repealed the pre-existing law, and thereby relieved purchasers of tax titles from the necessity of giving any notice whatever to original owners, though there is little opportunity to distinguish that case from this upon that point.

It is a noticeable fact that the rule from Sutherland was not applied in *Bank of Saginaw* v. *Pierson.*   On the contrary, we refused to do so; saying:

" 'Even in the case of statutes falling, strictly or in a general sense, under the head of penal laws, the intention of the legislature has been permitted to prevail over the rigid application of the rule.' Endlich on Interpretation of Statutes, § 483.

" It is beyond belief that the legislature intended, by simply changing the period within which the reports were to be made, to repeal the provision imposing the liability upon the directors for failure to comply with the prior law.   The provision creating the liability was not repealed, and we think that no repeal by implication arises."

While prospectively all matter in the earlier act that is not incorporated in the amendatory act is repealed of necessity, it does not follow that such repeal is simultaneous for all purposes, but the omitted portions remain in force as to past transactions.   Endlich on Interpretation of Statutes, § 196, contains this statement in reference to this question:

" Where an act or portion of an act is amended 'so as to read' in a prescribed way, it has been said that the section amended is entirely repealed and obliterated thereby.   It is perfectly clear that as to all matters contained in the original enactment, and not incorporated in the amendment, the latter must be held to have the effect of a repeal.   But as to the remainder, i. e., that which in

the amendatory act is declared thereafter to be its form and effect, it would seem that even an amendment in the phrase indicated does not have the effect of a simultaneous repeal and re-enactment, but that of a merger of the original statute in the new, leaving the old statute no vitality distinct from the new, and of force only as to past transactions, as to which it must be deemed to be continued in force as from the time of its first enactment, whilst, as to new transactions, its whole force rests upon the amendatory statute."

Again, the requirement of a notice in the earlier act is retained in the later one, thus plainly indicating an intention not to dispense with it in pre-existing cases. We must therefore apply the test of the earlier statute to this declaration.

Under this statute, it was not necessary to state the nature of the claim, and, in detail, the amount of each item, making the amount claimed. *Davis* v. *City of Adrian*, 147 Mich. 300. It does not require that the claim or affidavit state the particular manner in which the fall occurred nor the nature and extent of the injuries, nor the names and addresses of witnesses. The notice served does, however, state a claim for injuries sustained through a fall caused by a loose plank and hole in a defective sidewalk, describing the place. The method of stating the claim and the verification of the same are in form sufficient under the statute applicable to this case.

The order of the circuit court is affirmed, with costs, and the cause is remanded for further proceedings.

BLAIR, C. J., and GRANT, MOORE, and McALVAY, JJ., concurred.