## CURRY v. BACKUS.

1. TAXATION—NOTICE TO REDEEM—SERVICE.

   Evidence of the service of a notice to redeem from a sale of land for taxes, *held*, sufficient to support a finding that said notice was personally served upon the owner of said land.

2. SAME—NOTICE TO REDEEM—PERSONS TO BE SERVED.

   The tax law as amended by Act No. 142, Pub. Acts 1905, requiring the service of a notice to redeem from the sale of land for taxes upon the actual occupant of said land, does not apply to a sale and execution of the State's deed before the passage of the act; such construction imposes an additional burden upon the purchaser and impairs the obligation of the contract. *Weller* v. *Wheelock*, 155 Mich. 698, distinguished.

Appeal from Alcona; Connine, J. Submitted January 13, 1909. (Docket No. 83.) Decided April 24, 1909.

Bill by Walter J. Curry against Sarah J. Backus and others to quiet title to land. From a decree for complainant, defendant Backus appeals. Affirmed.

*Jahraus & Rawden*, for complainant.

*Washington I. Robinson* (*I. S. Canfield*, of counsel), for appellant.

This bill was filed by complainant to quiet his title to the lands therein described. The judge made a finding, and made a very concise statement of the case, as follows: Complainant claims under tax deeds for the taxes of 1897, 1898, and 1899, which he purchased from the State, on February 17, 1905. His tax deeds were executed on February 27, 1905. The bill does not ask for possession. Defendant Sarah E. Backus is the holder of the original title, being the grantee in the last recorded deed in the regular chain of title. Defendant Curran was in actual possession of the land, as tenant, under Sarah Backus, during the whole of the year, 1905. No question is raised by defendants against the validity of the tax deeds as such, nor is it claimed that they did not convey title to complainant. The defense set up is that the bill should be dismissed for the following reasons:

(1) Because the statutory notice of reconveyance was not personally served upon defendant Sarah Backus, as set forth in the officer's return of such service; and that there was no service upon her, and the officer's return to that effect is false.

(2) Because defendant Curran was in the actual possession of the land during the whole of the year 1905, when the notice to redeem was served, and that he was not served with the notice; that he had a right to be served, under Act No. 142, Pub. Acts 1905, which took effect on May 25, 1905; that until he was served defendant Sarah Backus had the right to redeem, which right has not yet expired; and that defendant Sarah Backus can take advantage of the failure to serve defendant Curran with the notice.

Defendant Curran did not answer the bill, and claims no individual rights in the case. No question is raised as to the sufficiency of the notice to redeem, as a notice, under the statute. From the officer's return on the notice to redeem, and from the proofs in the case, it must be found that the return is true, and that the notice was personally served on defendant Sarah Backus on June 15, 1905, at Detroit, Wayne county, Mich. Decree was entered for complainant.

GRANT, J. (*after stating the facts*). 1. We concur in the finding of the court that the notice was served upon the defendant. The officer detailed minutely all the circumstances. He went to the house. An old lady answered the bell. He asked if Mrs. Sarah E. Backus was home. After a little hesitation, she said, "No," and closed the door. He then went to a drug store near by. The druggist knew Mrs. Backus well, and, after the officer had described the woman he saw, the druggist said that he thought the lady he saw was Mrs. Backus. About half an hour afterwards he went to the house again, and the defendant's granddaughter was entering the house at the same time. The officer asked Miss Backus if Mrs. Sarah E. Backus was in. She replied, "Yes," and pointed out the old lady, who was standing inside the door. The officer swore that he then handed the notice to the young lady and asked her to give it to Mrs. Backus, and that he saw her do so. When his testimony was taken, the defendant was present, and he identified her as the one upon whom he served the notice. The testimony of the respondent and her granddaughter does not convince us that the officer, who was entirely disinterested, is not entitled to credit.

2. The complete answer to the claim that service upon Philip Curran was necessary is that the act (Act No. 142, Pub. Acts 1905) was passed after the complainant obtained his tax deeds. The law as it stood at the date of these deeds prescribed the persons upon whom the notice should be served, and did not include occupants. The above act added a new class of persons, to wit, those in the actual possession of the land. This case is not controlled by *Weller* v. *Wheelock*, 155 Mich. 698. The change there made by the law after the tax title had been obtained related merely to the place of payment. This law adds another class of persons to be entitled to service. My Brother MONTGOMERY in that case said:

"It is not necessary in this case to determine whether,

in so far as the amendment of 1903 attempted to confer a right upon another class, namely, purchasers under tax titles, it was ineffective in that it impaired the obligation of contracts."

This act clearly imposes an additional burden upon the purchaser and impairs the obligation of this contract. It is therefore unnecessary to determine whether Curran was in the actual possession of the land, as required by the statute.

Decree affirmed, with costs.

BLAIR, C. J., and MONTGOMERY, OSTRANDER, and McALVAY, JJ., concurred.