DOLPH *v.* NORTON.

1. CONSTITUTIONAL LAW — TRIAL BY JURY — JURISDICTION OF EQUITY—QUIETING TITLE.

   Under the Constitution of 1850, the legal title to lands cannot be litigated in equity, where the defendant is in possession.

2. TAXATION—BILL TO QUIET TITLE—NOTICE TO OWNERS — FORM.

   The notice served by a purchaser of a tax title to terminate the right of redemption must, to conform to the statute, be addressed to all parties in interest, and permit payment to the register in chancery, although the purchase may have been made prior to the amendment so requiring. Act No. 236, Pub. Acts 1903.

3. COURTS—STARE DECISIS — SUPREME COURT — NUMBER OF JUSTICES PARTICIPATING.

   A decision by four justices of the Supreme Court, in a case heard by seven, establishes the law. *Weller* v. *Wheelock*, 155 Mich. 698, followed.

Appeal from Ontonagon; Cooper, J. Submitted June 21, 1909. (Docket No. 73.) Decided November 5, 1909.

Bill by Norman J. Dolph against Dennis J. Norton to quiet title to land held under a tax deed. Defendant filed an answer in the nature of a cross-bill to redeem from said sale. From a decree for defendant, complainant appeals. Affirmed.

*Hill & Smith* (*D. H. Ball*, of counsel), for complainant.

*Adams & Jones* (*M. J. Sherwood*, of counsel), for defendant.

*Henry M. Campbell, amicus curiæ.*

The descriptions of the land involved in this suit are the S. E. ¼ of S. W. ¼, the E. ½ of S. E. ¼, and S. W. ¼ of S. E. ¼, of section 23, in town 48 N., of range 40 W. Complainant is grantee of one John McRae, who obtained

a deed for these lands from the auditor general, which deed was dated December 6, 1901, and purported to convey said lands for taxes levied thereon for the years 1896 and 1897, and conveyed the same to complainant December 21, 1905. · Defendant is grantee in the last recorded deed in the regular chain of title of all of said lands except certain two acres thereof. As to this two acres, defendant sold and conveyed it to the township of McMillan May 13, 1897, by deed recorded June 14, 1898. The said McRae caused a notice to be served on the defendant on July 18, 1903, proof of service of which notice was returned and filed in Ontonagon county July 21, 1903. A copy of said notice is here set out:

### "Notice.

"To the owner or owners of the land herein described, and to the mortgagee or mortgagees named in all undischarged recorded mortgages against said land or any assignee thereof of record, and to Dennis J. Norton.

"Take notice that sale has been lawfully made of the following described land, situated in the county of Ontonagon, State of Michigan, for unpaid taxes thereon, and that the undersigned has title thereto under tax deed issued therefor, and that you are entitled to a reconveyance thereof at any time within six months after service upon you of this notice, upon payment to the undersigned, of all sums paid upon such purchase, together with one hundred per cent. additional thereto, and the fees of the sheriff for the service or cost of publication of this notice, to be computed as upon personal service of a declaration as commencement of suit, and the further sum of five dollars for each description, without other additional costs or charges. If payment as aforesaid is not made, the undersigned will institute proceedings for possession of the land, the description of which is as follows:

"S. E. ¼ of S. W. ¼, E. ½ of S. E. ¼, S. W. ¼ of S. E. ¼ of Sec. 23, town 48, range 40. Amount paid, $39.82, tax for years 1896 and 1897.

"Yours respectfully,
"John McRae.

"Place of business: Ewen, Michigan.
"Dated July 14, A. D. 1903."

This notice was not served on the township. The bill of complaint charges that defendant did not redeem the land or any of it, that said McRae's title thereto became complete and absolute, but that said defendant,—

"Disregarding the rights of your orator in the matter, and conspiring wrongfully to injure your orator by asserting title to all of said land except said two acres, claims to be the owner thereof, and pretends that your orator has no title thereto, which claim and pretense constitute a cloud upon the title of your orator to his great damage, to wit, upwards of $500."

The relief prayed is that all right and title of said defendant to said lands may be decreed to be barred by the said conveyance to McRae and the service of said notice, and that complainant may be decreed to have a perfect and indefeasible title to the said premises. The bill does not charge that the land is occupied, or that it is unoccupied.

Defendant in his answer asserts ownership in fee simple to the lands except the portion belonging to the said township, and that the said tax titles are still subject to redemption by defendant, for the reason that the notice served upon him is invalid, and not in compliance with the governing law, and that no legal notice was ever served upon him or upon any officer of said township. He tenders and offers to pay to complainant any and all sums of money which the court shall find due to him to redeem said lands from said tax sales. Affirmative relief is asked, viz., that defendant may redeem the lands, and that complainant be decreed to surrender his said tax titles. In the answer no reference is made to the occupancy of the land. There is no averment that defendant, or any one else, is in actual possession thereof.

In the answer to the cross-bill it is admitted that no notice was ever served upon the township of McMillan, and it is alleged that an arrangement and settlement satisfactory to complainant and the officials of said township concerning said tax titles has been made. It is also ad-

mitted that defendant Norton became owner of all the land December 24, 1888, and conveyed the two-acre parcel to said township May 13, 1897, by warranty deed.

The rule (Supreme Court Rule 35 [136 Mich. xxxvii]) which requires the printed record to show the dates of filing of pleadings in causes has not been complied with.

It is understood, however, that the said conveyance of a portion of the premises to the township of McMillan was made by complainant after the filing of the original bill in this cause and prior to the date of various amendments to the said bill. The court below found that defendant was, when the bill was filed, in actual possession of the lands. A decree was entered dismissing the original bill, and, in accordance with the prayer of the cross-bill, quieting the title of defendant; defendant being required to pay $84.64 to complainant. The principal contentions presented, stated from the view point of defendant, are three:

*First.* That, if the defendant was in actual possession of the land, the bill must be dismissed.

*Second.* That the notice did not comply with the law (Act No. 236, Pub. Acts 1903), for which reason it was ineffective.

*Third.* That because the township of McMillan was not served with a notice the required notice was not given.

OSTRANDER, J. *(after stating the facts).* 1. It has been held not to be competent for the legislature to provide for the trial of the legal title to land in equity where the defendant is in possession of the land, at least not without providing for a trial by jury. *Tabor* v. *Cook*, 15 Mich. 322. And where a bill to quiet title charged that the land was occupied by defendant, and prior to the amendment made to 1 Comp. Laws, § 448, in 1887, where it charged that the premises were wild and unoccupied lands, demurrers to the bills were sustained. *Tabor* v. *Cook*, *supra; Jenkins* v. *Bacon*, 30 Mich. 154. The fact of defendant's occupancy is not put in issue by the pleadings.

Nevertheless the fact is jurisdictional, since, if he was in possession when the bill was filed, the suit cannot be maintained.   The fact is disputed, but it is found by the court below that defendant was in actual possession of the premises, and that complainant should have brought ejectment.   For this reason the original bill was dismissed, with costs to defendant.   But complainant is appealing from a decree, which, besides dismissing his bill, denies his right to the land, requires him to convey his tax titles, and quiets the title in defendant.   There can be no doubt of his right to do so, and we do not understand it is disputed.

2, 3.   But for considerations to be presently stated, we might rest decision and affirmance of the decree below upon the fact that no notice was given to the township and upon the authority of *White* v. *Shaw*, 150 Mich. 270, 273 (114 N. W. 210).   Counsel seek to distinguish the cases, but the following language, employed in deciding that case, is equally applicable here:

"The tax title holder cannot proceed by 'piecemeal' to cut off the right of redemption of each part owner.   Until he has complied with the statute as to *all*, the right of redemption remains to *all*."

It will be perceived that the title asserted by complainant was acquired by his grantor before the amendments were made to the tax law by Act No. 236, Pub. Acts, 1903, which took effect June 18, 1903, and that the notice which was served upon defendant in July, 1903, did not conform to the law as amended.   It was held in the majority opinion filed in *Weller* v. *Wheelock*, 155 Mich. 698 (118 N. W. 609), that this was an ineffective notice.   See *Curry* v. *Backus*, 156 Mich. 342 (120 N. W. 796).   It is said in behalf of complainant that three of the four justices who participated in the decision of *Weller* v. *Wheelock* later, in the opinion filed in the case of *Boughner* v. *Bay City*, 156 Mich. 193 (120 N. W. 597), held that the decision in the former case is not to be treated as settling the law.   I do not myself see any con-

flict between the rules announced in these cases. The statement of the justice who wrote the opinion, that, had the opinion in *Weller* v. *Wheelock* received the approval of five judges, it "might be held to have established such rule," and the suggestion that when, for any reason, but seven justices of this court take part in a decision and but four of them are of one opinion, the decision, however binding upon the parties to the particular case, is not to be regarded as establishing the law, is regarded by counsel as an invitation to treat the point decided in *Weller* v. *Wheelock* as still open. It is strenuously urged that the court in that case reached a wrong conclusion. The statute (Act No. 250, Pub. Acts 1903) provides that five judges shall constitute a quorum for the hearing of cases and the transaction of business, and that, whenever there shall be filed a dissenting opinion in a case heard by a quorum of five judges only, the parties therein shall have a right to a rehearing before the entire bench upon making a proper application therefor. No such case has arisen, because it has been the practice of the court, in cases submitted to five justices, who were unable to agree, to itself order a reargument of the case if it was originally submitted on oral argument, and to submit the case to the entire bench if it was originally received on briefs. The practice has resulted in expediting the business of the court and in securing, what is desirable, the concurring opinion of a majority of the judges. But it has occurred that a vacancy existed in the office of justice of this court, or that one of the justices was disqualified to take part in the decision of a case. All of the justices, there being at the time but seven, participated in the decision of *Weller* v. *Wheelock*. I find no good ground for declaring that in such a case the decision of a majority shall not be received as *stare decisis*, as establishing the law, not only for the particular case but for other like cases. There remains, of course, the right and the duty to overrule decisions found to be erroneous.

It is apparent from some of the briefs which have been

filed, that there exists a misapprehension concerning the scope and effect of the decision which is attacked. The court was called upon, as it is in the case at bar, to give effect to a statute. It was said:

"It is suggested that this statute should not be construed as retrospective, but that it should only be held to have reference to titles acquired from the State after the statute took effect. * * * It is unquestionably broad enough to include, and we think it manifestly was intended to include, all notices required to be given after the statute took effect."

There was involved no question of the duty of the tax title holder to give notice to any person not entitled to notice when his tax title was acquired. It is expressly stated:

"It is not necessary in this case to determine whether, in so far as the amendment of 1903 attempted to confer a right upon another class, namely, purchasers under tax titles, it was ineffective, in that it impaired the obligation of contracts. That question is not involved in this case. What we are here dealing with is the form of notice, and the requirement that it shall in form be directed to the owner or owners of any and all interests described and that it shall give notice of the right to make payment to the register in chancery of the county in which the lands lie."

It is evident that the point received careful attention, and, this being so, I am not prepared to overrule the decision, although I did not at the time assent to it.

It follows that defendant is entitled to a reconveyance upon payment of the proper sum of money. As the decree provides for what defendant had the right to demand, it will not be reversed. Defendant will recover costs of this court.

BLAIR, C. J., and GRANT, MONTGOMERY, MOORE, McALVAY, and BROOKE, JJ., concurred with OSTRANDER, J.

HOOKER, J. The complainant is the owner of the premises described in his bill as tax title purchaser under

a deed issued by the auditor general prior to June 18, 1903. Notice was served and proof filed in accordance with the law in existence at that time, but it was served after the amendment of June 18, 1903 (Act No. 236, Pub. Acts 1903).

At the time of the assessment of the taxes for which the land was sold, defendant was owner of the entire description of land. After one year's tax had become delinquent, but before the second year's tax had become so, the defendant sold and conveyed two acres of the parcel to the township of McMillan. The tax notice covered the entire quarter section, and was not served on the township. After the commencement of this suit, the complainant conveyed the two acres to the township. The complainant filed the bill alleging that defendant claimed title to the premises except the two acres, and praying that his title be quieted. The bill was silent on the subjec of possession.

Defendant answered, alleging ownership and denying complainant's ownership, and denying complainant's right to any relief, and prays that defendant's title be quieted. The answer claims the benefit of a cross-bill, and contains no allusion to the question of possession.

Proofs were taken in open court, and counsel for the defendant state that three questions were raised, viz. :

"(1) That the defendant was in possession of the premises in controversy during all the time from his purchase of the lands until the trial of the cause.

"(2) That the notice served upon defendant was not a valid notice under the tax laws of the State of Michigan.

"(3) That no service of tax notice was ever made, or attempted to be made, upon the township of McMillan, which was the owner of a portion of the lands purchased at the tax sale, upon which appellant's title is based."

The learned circuit judge found that the defendant was in possession at the time the bill was filed, and dismissed the complainant's bill upon the ground that his remedy should have been ejectment. He also held that the notice

was invalid, not being in accordance with the requirement of Act No. 142, Pub. Acts 1905. He did not pass upon the third question, but granted the relief prayed in defendant's answer. The complainant has appealed.

It is the settled law of this State that a bill to quiet title brought by one not in possession against one who is, cannot take the place of an action of ejectment, where the only questions at stake are the legal title and legal right of possession. That seems to be the situation here, and, the question being raised upon the hearing (although not by the answer), it was proper to deny the complainant relief and dismiss his bill. I am of the opinion, however, that the notice was not open to the objection made, for the reasons stated in my opinion in the case of *Weller* v. *Wheelock*, 155 Mich. 698 (118 N. W. 609). If, as contended by counsel for the appellee, that case is to be held *stare decisis* as to this question, it should be followed in this case, but we have always held that a decision by a divided court is not so interpreted, and, in my opinion, this is no more than that, under our statute. When the recent law, providing that this court should thereafter consist of eight justices, was passed, its main object was to afford relief from the burden of overcrowded dockets by allowing the court to sit as before, five judges constituting a quorum, but it contained some limitations upon the effect of the decisions. In certain classes of cases it gave parties the right to a hearing before the full bench in the first instance, and, when a decision was not unanimous (five only sitting), a right of rehearing was given. It has been said that a rehearing is not a matter of course upon disagreement in such a case, and I have no doubt that, in the absence of an application for a rehearing, a decision by four or even three of five judges sitting would be conclusive in the case, and as effective at all later stages in that case as though the decision had been unanimous. But there is no such urgency for the establishment of precedents as to justify their creation by the concurrence of but four members of a court consisting of

eight justices, or by three if two should dissent.  The final determination of an important legal question cannot well be too deliberate, and, in my opinion, the rule that five members of this bench must concur before a holding can become a precedent, will conduce to greater accuracy than its establishment by four or three.   Moreover, a decision by three, or at most four, of a bench of eight would not be likely to carry the weight with the profession that decisions should.

That this has been the view hitherto accepted is indicated by our practice, in many cases where legal questions are involved, of deferring the decision by a divided court, and of our own motion causing a submission of the questions to the full bench, before any one shall be committed by the filing of opinions.   It seems clear to me that the spirit of this statute is to require a concurrence of five judges before a precedent can be made, and this should not depend upon the accident of a vacancy or disqualification.   Such things are sure to occur, and no serious harm can result if a rule is left unsettled until the question shall arise again.   While we have not had occasion to pass upon this question, we have already indicated as much in the case of *Boughner* v. *Bay City*, 156 Mich. 193 (120 N. W. 597).

The exigencies may require a decision of the case by a majority of seven, and we have held in case of a vacancy that such a decision does not require a rehearing for the want of concurrence by five.   This is fairly inferable from the statute, but it does not follow that such decisions should become established precedents, in the face of an apparent intent to the contrary on the part of the legislature.

The remaining question relates to the failure to serve notice upon the city.   This land was assessed as one parcel being owned by the defendant.   Before it was sold for taxes, he deeded two acres to the township.   Hence, under sections 140 and 141 of the tax law (1 Comp. Laws, §§ 3959, 3960), as amended in 1903, by Act No. 236, Pub.

Acts 1903, both defendant and the township should have had notice before the right of either to redeem was cut off, as was held in the case of *White* v. *Shaw*, 150 Mich. 270 (114 N. W. 210).

Counsel seek to distinguish these cases, which differ somewhat upon their facts, but the following language, upon which that decision rests, seems equally applicable to this case. Mr. Justice CARPENTER said:

" The tax title holder cannot proceed by 'piecemeal' to cut off the right of redemption of each part owner. Until he has complied with the statute as to *all*, the right of redemption remains to *all*. It seems to me that this is the reasonable construction that is given to these statutes. In the late case of *Williams* v. *Olson*, 141 Mich. 580 (104 N. W. 1101), the Supreme Court said:

" 'The legislative purpose is plain. A person who buys delinquent tax lands of the auditor general is not invested with all the rights of a landowner, nor are adverse titles and interests in the land extinguished until the owners of such titles and interests are afforded, by the act of the tax title holder, opportunity to pay the taxes and a penalty, and obtain a reconveyance. A short period of limitation is established, *which begins to run upon the giving of the statute notice.* The essential idea of the legislation is opportunity for the delinquent taxpayer. The period of opportunity begins with notice, and runs, according to a construction already given the statute by this court, until such time as the tax title holder has brought himself within the statute conditions for taking action. *Pike* v. *Richardson*, 136 Mich. 414 (99 N. W. 398).'

" Would the defendant Shaw be entitled to a writ of possession as to these lands by showing six months' service on White and Jopling only ? Clearly not. See language of section 142. Then it must be that the tax title holder is not entitled to go into possession until six months' notice has been served upon *all* grantees or owners; and, until this has been done, any *one* of them may redeem."

The decree should be affirmed.