## P. L. SHERMAN CO. *v.* PEARLL.

1. TAXATION—REDEMPTION—NOTICE.

A return to a valid notice to redeem from a tax sale stating that service was made upon a designated person, president of a corporation, by delivering the same to such person, president of such corporation, although irregular, is not defective, although such person is the secretary of the corporation and it is doubtful from such language whether the notice is intended for such officer individually or for the corporation, where it reaches the right party and no one is misled, the secretary being, by Act No. 232, Pub. Acts 1903, § 30 (3 Comp. Laws 1915, § 12432), a proper person upon whom service could be made.[1]

2. SAME.

Evidence, consisting of the unqualified denial of the president of the corporation that the notice to redeem was not served upon him, and the testimony of an undersheriff that he did not remember the particular service, but that it must have been made in accordance with the facts stated in the return, was insufficient to impeach such return.

3. SAME—EVIDENCE—NOTICE.

Evidence *held*, sufficient to show vacancy of the premises at the time of service of the notice to redeem.

[1]For a discussion of the question as to who is entitled to notice to redeem from tax sale, see comprehensive note in 44 L. R. A. (N. S.) 666.

Appeal from Bay; Collins, J.   Submitted January 19, 1917.   (Docket No. 139.)   Decided September 27, 1917. . Rehearing denied April 12, 1918.

Bill by the P. L. Sherman Company against Albertha M. Pearll and another to redeem from a sale of land delinquent for taxes.  From a decree dismissing the bill, plaintiff appeals.  Affirmed.

*Frank S. Pratt,* for plaintiff.

*James Donnelly,* for defendants.

BIRD, J.   Plaintiff filed its bill to redeem lots 1 and 2 of block 16, plat of Lengsville, Bay county, and tendered therein the amount of the tax.  The lots were sold by the State to defendants' grantors for the taxes of 1901.   No serious question is raised as to the validity of the deeds, but the questions involved are those touching the right of defendants to the possession of the lots.  The hearing resulted in the denial of relief and a dismissal of the bill.

1. The purchaser of the tax deeds caused a notice to redeem to be placed in the hands of the sheriff for service upon plaintiff, and the return of the officer indorsed thereon is in the following form:

"State of Michigan, ⎱ ss.
   "County of Bay,   ⎰

"I do hereby certify and return, that on the 23d day of August, 1905, at the City of Bay City in said county I served upon Frederick Hebinger, president of the P. L. Sherman Co., a notice of which the above is an exact duplicate by delivering said notice to said Frederick Hebinger, president of the P. L. Sherman Co., personally.

"JAMES P. WARFIELD,
"Under-Sheriff.

"Fees, $1.20-$1.00.
"Dated this 23d day of August, 1905."

No exception is taken to the form of the notice to redeem, but it is insisted that the notice was never served on plaintiff, and furthermore that the return does not show a valid service. The return does not state that the notice was served on the P. L. Sherman Company by delivering the same to Frederick Hebinger, president of said company. The failure to so state leaves it somewhat in doubt whether the notice was intended for Hebinger individually, or for the company. If, however, we read this return in connection with the notice to redeem, it becomes reasonably certain that the notice was intended to be served upon the company. The notice is addressed: "To Sherman Manfct. Co." While this was not the correct name of the corporation intended to be served, it would serve the purpose of showing that the notice was intended for the company, and not for Hebinger. If the notice reached the right party, and no one was misled, the service, although irregular, should be held valid. *Bradley* v. *Williams*, 139 Mich. 230 (102 N. W. 625) ; *John Duncan Land & Mining Co.* v. *Rusch*, 145 Mich. 1 (108 N. W. 494). But it is said that Hebinger, at the time of the service, was not the president of the P. L. Sherman Company, but was its secretary. This is not important, as the secretary, as well as the president, is made by statute a proper party upon whom service may be lawfully made. Act No. 232, Pub. Acts 1903, § 30 (3 Comp. Laws 1915, § 12432). The notice is conceded to have been proper in form, and inasmuch as it reached the party intended to be served by service upon its secretary, who had the business of the company in charge, we think the return should be held valid. See *Gogebic Lumber Co.* v. *Moore*, 157 Mich. 499 (122 N. W. 128).

It is further sought to impeach the service of the notice by the testimony of Mr. Hebinger, who testified that it was never served upon him. It is urged that

this testimony, taken in connection with the somewhat doubtful tone of the undersheriff's testimony on the subject, is convincing that the service was never made. The testimony of the undersheriff was what the testimony of any officer might be, who had served many such notices, after a lapse of 10 years. He testified, in substance, that while he did not remember the particular service, he thought it must have been made in accordance with the facts stated in the return. Upon the whole record, we agree with the chancellor that the return should not be declared invalid for this reason.

2. Another objection urged by plaintiff is that one Edwards was in possession of the premises at the time it is claimed the notice of redemption was served, but that no service was made upon him. This was denied by defendants. Considerable conflicting testimony was taken at the hearing upon the question. The chancellor considered it, and reached the conclusion that the premises were vacant at the time. A review of the testimony does not convince us that we should disturb his finding.

In view of our conclusion that the notice to redeem was valid, and that the premises were unoccupied at the time, it is unnecessary to discuss the other questions raised.

The decree of the trial court is affirmed, with costs to the defendant.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.

### ON MOTION FOR REHEARING.

BIRD, J. In an application for a rehearing filed in this cause our attention is called to that portion of the opinion in which it is stated that the notice to redeem was addressed "To Sherman Manfct. Co." This statement was an error. The notice which the return of the

sheriff shows was served on plaintiff was not addressed in this manner, but the notice which the secretary of the company testified he found among his papers was so addressed.

This statement was made in giving an additional reason for holding that the notice to redeem was served as shown by the return of the sheriff. The use made of this misstatement was cumulative merely and not very important. After eliminating it we are still of the opinion that the plaintiff's evidence was insufficient to overcome the return of the sheriff.

The motion for rehearing is denied.

Ostrander, C. J., and Moore, Steere, Brooke, Fellows, Stone, and Kuhn, JJ., concurred.