DUNN *v.* PECK.

1. TAXATION—SALES—NOTICE TO REDEEM—DESCRIPTION OF PREMISES.
   In suit to cancel tax deed on ground that description of land in notice to redeem was insufficient, trial court properly held description sufficient without taking testimony thereon, where it is obvious that description in notice and that in bill of complaint describe same parcel of land although not couched in identical terms, and especially where it appears from allegations in bill of complaint that both descriptions describe same parcel of land.

2. SAME—IRREGULARITY—SUFFICIENCY OF NOTICE.
   If notice to redeem reaches right party, and no one is misled, service, although irregular, is held valid.

3. SAME—ADMISSIONS.
   Where plaintiff in his bill of complaint admitted that he was served with notice to redeem, irregularity in his first name, as shown by officer's return, was not fatal defect; nor, in view of said admission, was there necessity for taking testimony to establish identity of person served.

4. SAME—PLEADING—MOTION TO DISMISS.
   Where, in suit to cancel tax deed and enjoin ejectment proceeding, all facts necessary to decision are set forth in bill of complaint, motion to dismiss prior to filing answer was properly granted (Michigan Court Rule No. 18).

5. SAME—EJECTMENT—RIGHT TO JURY TRIAL—EQUITY.
   Where redemption period had expired and title had vested in purchaser by tax deed, owner could not deprive purchaser of right to jury trial in ejectment proceeding by filing suit in equity to cancel tax deed and restrain ejectment proceedings, and by tacking thereto prayer to remove cloud having to do with ancient aspect of title in no way related to present controversy.

6. SAME—CLOUD ON TITLE—PARTIES—QUIETING TITLE.
   Where title has vested in purchaser by tax deed, owner no longer has any interest in property and therefore may not maintain suit to remove ancient cloud from title.

7. Ejectment—Equity—Right to Jury Trial—Statutes—Courts.
   Court of equity has no jurisdiction, under 3 Comp. Laws 1929,
   § 13944, subd. 4, to deprive plaintiff in ejectment proceeding
   of his right to jury trial.

Appeal from Mecosta; Pugsley (Earl C.), J.
Submitted June 3, 1931. (Docket No. 66, Calendar
No. 35,762.) Decided October 5, 1931.

Bill by William H. Dunn against Horace B. Peck,
George E. and George T. Lloyd, and others to can-
cel a tax deed and for other relief. From an order
dismissing the bill, plaintiff appeals. Affirmed.

*Fred R. Everett,* for plaintiff.

*Arthur W. Penny,* for defendants Lloyd.

North, J. Defendants George E. and George T.
Lloyd, claiming title by tax deed to 20 acres of land
in Mecosta county, brought an action of ejectment
against the plaintiff herein. Thereafter the bill of
complaint in the instant case was filed. Plaintiff
seeks to cancel the deed through which the defend-
ants Lloyd claim title, to redeem from the tax sale,
and to restrain prosecution of the ejectment pro-
ceeding. Defendants Lloyd entered their general
appearance and without answering moved to dismiss
the bill of complaint. Among the reasons assigned
in support of the motion were the following:

"Because the bill of complaint alleges no facts
entitling the plaintiff to the relief sought by said
bill, nor any other relief. * * *
"Because the alleged title in and to the premises
involved in this cause·as to both parties is legal,
triable at law and over which, a court of chancery
will not take jurisdiction, no supervening equities

having arisen since the institution of the ejectment suit referred to in the bill of complaint.''

The motion to dismiss was granted and the temporary injunction restraining prosecution of the ejectment suit was dissolved. Plaintiff has appealed.

It is defendants' contention that the order of the court dismissing the bill of complaint was justified because every fact necessary to sustain defendants' title derived through the tax sale appears in plaintiff's bill of complaint. It was on this theory that the circuit judge granted the motion and in his opinion said:

''All of the facts necessary to a decision in this case, in the opinion of the court, have been set forth in the bill of complaint, and from a reading of the bill of complaint it satisfactorily appears to the court that the plaintiff no longer has any title to the property, nor has he any right of redemption; and, that being true, it must follow that the reason for which this bill of complaint was filed must fail.''

Appellant asserts that the circuit judge was in error in so holding and urges that the tax title is fatally defective in that: (1) The description of the land contained in the notice to redeem which was served on plaintiff was not sufficient; and (2) that the sheriff's return shows service of such notice on ''Will Dunn,'' whereas plaintiff's name is William H. Dunn. Plaintiff seems to contend that since the description in the notice is different than that contained in the bill of complaint, testimony should have been taken to establish the identity of the respective descriptions; and therefore the circuit judge was in error in disposing of plaintiff's case without an answer and without the taking of testimony to

establish such identity. While the two descriptions are not couched in identical terms, they do describe the same parcel of land, and since this is obvious from the descriptions themselves, the circuit judge was justified in so holding. Further, it appears from the allegations in the bill of complaint that the two descriptions cover the same parcel of land.

Appellant also asserts that the notice to redeem was defective in that: (1) It was not addressed to him, and, also, (2) the statutory period for redemption (1 Comp. Laws 1929, § 3536) has not run, for the reason that the sheriff's return as filed with the county clerk shows service upon Will Dunn, whereas appellant's name is William H. Dunn. Plaintiff offered in his bill to redeem. These alleged defects are not fatal. There is no statutory requirement that this notice be personally addressed to the one to be served. *Bradley* v. *Williams,* 139 Mich. 230.

"If the notice reached the right party, and no one was misled, the service, although irregular, should be held valid." *P. L. Sherman Co.* v. *Pearll,* 197 Mich. 557.

Concerning service of this notice plaintiff alleges in his bill of complaint:

"On the 27th day of February, A. D. 1930, one Charles H. Kanehl, who was then the sheriff of the said county of Mecosta, left with this plaintiff a certain notice, * * * a copy of which notice is attached hereto, marked Exhibit A and hereby made a part of this bill of complaint."

Service of the notice being thus admitted, a return of such service will not be held fatally defective merely because it shows service on Will Dunn instead of William H. Dunn; nor in view of the admissions in the bill of complaint is there any occa-

sion for taking testimony to establish the identity
of person.

It also appears from the bill of complaint that the
period within which plaintiff had a right to redeem
expired before defendants' ejectment suit was in-
stituted. Without quoting further details, our re-
view of the record satisfies us that the circuit judge
rightly held that "all the facts necessary to decision
in this case  *  *  *  have been set forth in the bill
of complaint."

In addition to the relief sought by plaintiff as
first above noted, by his bill he also asks to have an
alleged cloud removed from the title to the land in
suit. Without question the equity court is the
proper forum in which to obtain such relief. It is
plaintiff's contention that because the equity court
has jurisdiction for that purpose his bill of com-
plaint should not have been dismissed on defend-
ants' motion and equity should retain jurisdiction
for the purpose of disposing of all questions pre-
sented by plaintiff's bill. The alleged cloud has to
do with an ancient aspect of the title and is in no
way related to nor connected with the tax title
through which the defendants Lloyd claim. Re-
moval of such a cloud cannot be tacked onto the con-
troversy between plaintiff and defendants Lloyd and
the latter thereby deprived of their right to a trial
by jury in an ejectment suit. It is also patent that
if by reason of the tax sale title has vested in the
defendants Lloyd, plaintiff no longer has any in-
terest in the property and therefore cannot main-
tain a suit to clear a cloud from title.

Plaintiff's contention that the motion to dismiss
cannot be successfully made prior to filing an answer
is not well founded. Michigan Court Rule No. 18.
Under the circumstances presented by this record,

title to the land in question must be tried in the ejectment suit and not in equity. Appellant asserts that equity is given statutory jurisdiction by 3 Comp. Laws 1929, § 13944, subd. 4; but concerning this statute we have said:

"But it has never been held, as we shall presently see, that the object of the act was to afford a defendant in an ejectment suit the option to deprive the plaintiff of his right to a trial by a jury, and permit him to elect in which court he would try the question of title." *Carpenter* v. *Dennison*, 208 Mich. 441.

The bill of complaint was properly dismissed, and the temporary injunction necessarily fell with the principal suit. Affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, CLARK, MCDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.