140    483|
141    584|

140    483
c157   ²501|

WINTERS *v.* COOK.

1. TAXATION—TAX SALES—REDEMPTION—SERVICE OF NOTICE.
   Under section 140 of the general tax law (Act No. 204, Pub.
   Acts 1899), the purchaser of a tax title must make an earnest
   effort in good faith to ascertain the record owner of the land,
   and his whereabouts, and, if he is a resident of the State, give
   him actual notice, and the statutory opportunity to redeem;
   until this effort has been made, substituted service is ineffect-
   ual to bar his right to redeem.

2. SAME—NOTICE—RETURN OF SHERIFF—CONCLUSIVENESS.
   The notice of redemption required of a tax title purchaser by
   section 140 of the general tax law is not the process that
   gives the court jurisdiction to issue a writ of assistance, and
   the sheriff's return of the notice, or the registry receipt,
   or proof of publication, is not a return of process, within the
   rule protecting returns from collateral attack, but may be
   contradicted.

Appeal from Ottawa; Padgham, J.   Submitted May
2, 1905.   (Docket No. 133.)   Decided June 8, 1905.

Bill by Frank Winters against Percy T. Cook to quiet
title to land.   Defendant filed an answer in the nature of
a cross-bill, alleging a tender of the amount necessary to
redeem from complainant's tax lien, and prayed that his
title be quieted as against complainant.   From a decree
for complainant, defendant appeals.   Reversed, and de-
cree entered for defendant.

*Walter I. Lillie,* for complainant.

*Knappen, Kleinhans & Knappen,* for defendant.

HOOKER, J.   The complainant received a quitclaim
deed of the premises involved in this suit from Diantha
Winters, his stepmother, on April 11, 1903.   The only
title held by her at that time was based upon an auditor

general's deed, dated August 6, 1902, for the delinquent taxes of 1898.    Previous to the date of complainant's quit-claim deed, Diantha Winters caused a notice, under Act No. 204 of the Public Acts of 1899, to be made, directed to Percy T. Cook, who was the owner of the land, subject to such rights as she had acquired under her tax deed. The following is a copy:

## " NOTICE.

" To Percy T. Cook, of Grand Rapids, Michigan, grantee in the last recorded tax deed of the property herein described.

" Take notice, that sale has been lawfully made of the following described land for unpaid taxes thereon, and that the undersigned has title thereto under tax deed issued therefor, and that you are entitled to a reconveyance thereof at any time within six months after service upon you of this notice, upon payment to the undersigned of all sums paid upon said purchase, together with one hundred per cent. additional thereto, and the fees of the sheriff for the service of this notice, to be computed as upon personal service of a declaration as commencement of suit, and the further sum of five dollars for each description, without other additional costs or charges.    If payment as aforesaid is not made, the undersigned will institute proceedings for possession of the land.

| Description of Land. | Sec. | Town. | Range. | Amount paid. Dollars. | Cents. | Tax for year. |
|---|---|---|---|---|---|---|
| E. ¼ of S. W. ¼ | 12 | 6 | 16 | 9 | 35 | 1898 |

" Yours respectfully ·

" DIANTHA WINTERS.

." Place of business West Olive, Michigan."

This notice was not dated, and we have been unable to ascertain when it was placed in the hands of the sheriff, if at all.    It bears a certificate purporting to be signed by the sheriff of Ottawa county as follows:

"STATE OF MICHIGAN, }
    Ottawa County.  } ss.

" I do hereby certify and return that after careful inquiry and diligent search, I am unable to ascertain the whereabouts or postoffice address of Percy T. Cook, the

grantee named in the last recorded tax deed of the premises herein described, or the heirs of said grantee, or the whereabouts or the postoffice address of the executor, administrator, trustee or guardian of such grantee.

"HENRY J. DYKHUIS, Sheriff.

"By HANS DYKHUIS, Deputy Sheriff.

"Oct. 16th, 1902."

Thereupon the statutory notice was published in a weekly newspaper printed and published in said county, and proof of the requisite publication was duly filed. This notice was not dated, but publication began October 9, 1902, and ended November 13, 1902.

As has been stated, Frank Winters received a quitclaim deed from Diantha Winters April 11, 1903. He verified the bill on June 15, 1903. It was filed to quiet his title, and subpœna was personally served on Percy Cook at his home, in Brooklyn, Jackson county. An answer in the nature of a cross-bill was filed, alleging a tender of the amount necessary to redeem the land, and praying that his title might be decreed and quieted against complainant. Proofs were taken, and a decree was rendered for the complainant. Defendant has appealed.

The validity of the tax proceedings is not questioned. Complainant's deed gave him all rights held by Diantha Winters. The questions in the case relate, *first*, to the sufficiency of the notice and service; and, *second*, whether defendant was not in possession when the bill was filed.

It is contended that the defendant having once been in possession yielded to a vendee under a contract of sale, who subsequently removed from the premises, and his improvements thereon, leaving one Shearer, a neighbor, in charge of the place, he (the defendant) was in actual possession of the premises, and therefore that ejectment, or a writ of assistance under the statute, and not a bill to quiet title, should have been the complainant's remedy, in the absence of clear proof of intentional abandonment. We find it unnecessary to discuss this subject, as we must dispose of the case upon another and broader ground.

The statute (1 Comp. Laws, § 3959) as amended by section 140 of the general tax law (Act No. 204, Pub. Acts 1899), provides that:

"No writ of assistance, or other process for the possession of any land * * * shall be issued until six months after there shall have been filed with the county clerk of the county where the land is situated, a return by the sheriff of said county, showing that he has made personal service, or until substituted service as hereinafter provided has been made, * * * which notice shall be in the following form: [Here follows the form to which the notice in this case conforms.]

"*Provided*, That if grantee or grantees, or the person or persons holding the interest in said lands as aforesaid, shall be residents of any county in the State other than the county in which the land is situated, then such return as to such persons shall be made by the sheriff of the county where such person or persons reside: *Provided further*, If any grantee or grantees, or the person or persons holding the interest in said lands as aforesaid, shall be nonresidents of this State, if from the said record aforesaid, or from inquiry, the sheriff can obtain the postoffice address of such grantee or grantees, or the person or persons holding the interest in such land as aforesaid, or if the said address be known to him, he shall send to such person or persons aforesaid a copy of said notice by registered letter, and return the receipt as receipts received for said letter or letters, with his return to the county clerk's office:

"*Provided further*, That if any person entitled to notice, as hereinbefore provided, is dead, or if his estate shall be under control of a trustee or guardian, then and in such case notice as hereinbefore provided may be served upon the executor or administrator of said deceased person, or upon his heirs, if there be no executor or administrator, or upon the trustee or guardian of any incompetent person, with like effect as if served upon the grantee, mortgagee, or assignee:

"*Provided further*, That if the sheriff of the county where any such lands are located shall make a return that after careful inquiry he is unable to ascertain the whereabouts or the postoffice address of the grantee named in the last recorded deed, or the mortgagee named in the last recorded mortgage, or the assignee of record of said mort-

gage of said premises, or of the heirs of said grantee or mortgagee or assignee, or the whereabouts or the post-office address of the executor, administrator, trustee, or guardian of such grantee, mortgagee, or assignee, then such notice as is herein provided for shall be published six successive weeks in some newspaper published and circulating in the county where such lands are located, and due proof of publication, by affidavit of the printer or publisher of such newspaper, shall be filed with the county clerk, and shall be in lieu of the personal service above provided for."

This section was designed as a relief to owners of delinquent tax lands, and to prevent the divestiture of their titles, beyond redemption, through ignorance, inattention, or carelessness. It plainly indicates that the purchaser is expected to give an express notice, wherever practicable, with a six-months interval thereafter, within which the land may be redeemed. It imposes upon the purchaser the obligation of good faith, and an earnest effort to ascertain the owner and his whereabouts, and an honest attempt to give him actual notice and the statutory opportunity. Any effort to avoid it through fraud or collusion, or intentional omission to comply with the spirit of this statute, should not be permitted to be effective, if the courts can legitimately avoid it. The statute imposes a duty of ascertaining, if possible, where the landowner lives, and, if it can be learned by reasonable endeavor that he lives in any county in this State, the notice must go to the sheriff of that county for service, and be served by him, if it can be. Until this effort has been made, there is no occasion or propriety in a delivery of a notice to the sheriff of the county where the land lies, and where it is known that the delinquent owner does not reside; and, if it is done, it should not be held that the law has been complied with. In this cause the purchaser, or her agent in the transaction, had some knowledge, and an opportunity to obtain much information, about the owner of the premises. It must have been known or at least supposed by them that Mr. Cook did not live in Ottawa county, for the notice is

addressed, "Percy T. Cook, of Grand Rapids," yet it was not sent to the Kent county sheriff; nor do we discover any effort by the purchaser, or her husband and agent, to try to find him at Grand Rapids. They did not attempt to send a notice by registered letter, as the statute contemplates. They knew or could easily have ascertained the residence of Jacques, Cook's vendee, and through him the whereabouts of Cook. Many persons prominent in the neighborhood could have informed them, for it was quite well known where Cook lived. He testified that he supposed Jacques was owner, but never wrote him, and that nobody did. He even knew Shearer, Jacques' agent, and does not know that he had any talk with him about it, though Shearer testified that he suggested to him that he might write to Cook, and that he replied that he didn't know anything about it or care anything about it, and Cook could take care of his own affairs. This was before redemption expired. He admitted that he never tried to find out where he lived. Under such circumstances, it cannot be said that complainant has come into court with clean hands. Not until he was served with a subpœna in the case did Cook know of this notice. Complainant seems to have had less difficulty in finding out Cook's residence than his mother and father had, and caused subpœna to be served upon him. Defendant then made a tender of the taxes, penalty, etc., which was not accepted.

Counsel insists upon complainant's right to a technical construction and application of this statute, and of the rule that an officer's return cannot be attacked collaterally; insisting that it was a return of process in the original tax case. If this notice can be called process, it was fraudulently obtained by complainant's grantor, and abused; and we have found that it was used as a pretext to obtain a title to another's land, which might be called, in the language of Mr. Justice CAMPBELL in his opinion in the case of *Michels* v. *Stork*, 52 Mich. 260, an abuse of process for illegal purposes. A purchaser of tax titles may have a writ of assistance upon application to the court which

thereby enforces its decree.   See 1 Comp. Laws, §§ 3895, 3958.   The remedy' is the usual one by petition.   See 1 Comp. Laws, § 3960 (Act No. 236, Pub. Acts 1903, § 141). And the notice and return of the sheriff, or receipt for registered letter, is not the process that gives the court jurisdiction over the defendant or the subject-matter. Both have to be pleaded in the petition, and both must be proved, if denied.   See 1 Comp. Laws, § 3960.   And either is subject to contradiction as in other cases.   An analogous case is the requirement of many local laws as to notice or filing of verified claims in accident cases.   They are essential to a complete case, but the jurisdiction of the court over the subject-matter is not dependent upon them.

The defendant may take a decree in accordance with the prayer of his cross-bill, with costs of both courts, subject to the deduction of the amount due the complainant for taxes, penalty, and interest at the time of the tender.

MOORE, C. J., and CARPENTER, McALVAY, and BLAIR, JJ., concurred.