GOGEBIC LUMBER CO. *v.* MOORE.

1. TAXATION—NOTICES.

A notice of State tax land purchases, in which the descriptions, amounts paid and years for which the taxes were levied appear in columns, is not objectionable in form, and the statement of the years' taxes made opposite the descriptions must be taken to refer to all the descriptions.

2. SAME—SERVICE OF NOTICES.

The return of the sheriff showing service of the notices on proper parties, accompanied by registry receipts signed by the owners or their agents, is *prima facie* proof of service.

3. SAME.

Proof of service of notice on one owner described as Michael Mullally of the city of Marquette, Marquette county, Michigan, is to be construed as giving the residence of the owner.

4. SAME.

An abbreviation in the return of the sheriff showing service by mail at "Mil., Wis." is sufficiently explained by a reference to the appended registry receipts to mean Milwaukee, Wisconsin.

5. SAME.

A registered letter addressed to Harry P. Edwards, who was so named in a recorded conveyance, receipted for as H. P. Edwards by H. R. Edwards, is a sufficient service.

6. SAME.

The erroneous statement in defendant's answer that an additional party was one of the last recorded owners of title, although not served with notice, was not fatal, where the complainant's proof showed a chain of title that excluded the party.

Appeal from Gogebic; Cooper, J. Submitted June 10, 1909. (Docket No. 36.) Decided July 6, 1909.

Bill by the Gogebic Lumber Company against George E. Moore and others to quiet title to land, and to redeem

the same from sale for taxes. From a decree dismissing the bill, complainant appeals. Affirmed.

*Ball & Stone*, for complainant.

*Charles M. Humphrey*, for defendant Moore.

MONTGOMERY, J. This is a bill filed to quiet title to the S. W. ¼ of the N. E. ¼ of section 5, town 46 N., range 43 W., Gogebic county, and to redeem from certain taxes. The complainant claims to be the owner of the land by chain of title from the United States, and the defendant George E. Moore claims to be the owner by virtue of certain tax deeds upon a sale made by the auditor general for taxes of 1898, 1899, 1900, 1901, and 1902. The case turns upon the sufficiency of notice to redeem, given by the tax title purchaser to the original owners of record, and the sufficiency of notice resolves itself into two questions: *First*, as to the sufficiency in form; and, *second*, as to the proper service. Notice was served upon a number of parties, and is apparently conceded to be sufficient in form, provided that the description of the land and the designation of the years for which the taxes were spread are sufficiently given.

In one instance the form of the notice as regards the statement of the years for which the taxes were spread is as follows:

| Description of Land Situated in Gogebic County, State of Michigan. | | | | Amount Paid. | | Tax for Years. |
|---|---|---|---|---|---|---|
| | Sec. | Town N. | Range W. | Dollars. | Cents. | |
| S. W. ¼ of N. E. ¼---- | 5 | 46 | 43 | 23 | 42 | 1898, 1899, 1900, 1901, and 1902. |

And in another instance the description was as follows:

| Description of Land. | Sec. | Town N. | Range W. | Amount Paid. | | Tax for Year. |
|---|---|---|---|---|---|---|
| Plat, Addition, or other Description. Giving name of City or Village, when necessary. | | | | Dollars. | Cents. | |
| N. E. ¼ of N. W. ¼___ | 3 | 46 | 43 | 23 | 42 | 1898, |
| S. W. ¼ of N. E. ¼___ | 5 | 46 | 43 | 23 | 42 | 1899, 1900, |
| All in Gogebic County, Michigan. | | | | | | 1901, and 1902. |

It is claimed that these notices do not indicate that the statement in the last clause applies to the description of land given, and particularly that it applies to one rather than the other. We think this is altogether too technical a construction to place upon the notice. The numerals referring to the year refer to the heading under which they appear, and, thus construed, apply to all that appears in the preceding columns, and must mean that, as to each of the descriptions mentioned in the preceding columns, the amount paid was paid for the taxes named in the years enumerated in the last column.

As to service, the evidence of this was afforded by the return of the sheriff, accompanied by receipts of registered letters filed with the register of the court. The contention is made that, under the rule laid down in *Winters* v. *Cook*, 140 Mich. 483 (103 N. W. 869), and in *Williams* v. *Olson*, 141 Mich. 580 (104 N. W. 1101), the return of the sheriff is not to be treated as evidence of the fact of service. This is a misconstruction of what is decided in these cases. In *Winters* v. *Cook* the question was whether the return of the sheriff could be attacked collaterally by evidence showing that the purchaser of the tax title interest had not acted in good faith in securing a substituted service in a locality other than that of the resi-

dence of the party. The question involved in *Williams* v. *Olson* was not dissimilar. It is true it was there said that, upon the application for a writ of assistance, the fact of proper service is, notwithstanding the return, matter to be proven; the actual filing of the return, fixing the date from the period of limitation, must be reckoned. It was not intended by this language to hold that the purchaser might not comply with this requirement by showing the return of the service which the statute provides. The statute is distinct in its requirements that there shall be a service made in a certain form, and by an officer of the court. It would be anomalous to hold that the return of such service is not evidence of the *fact* of service, whatever may be said of its force as evidence of the fact of residence. Unquestionably it may be shown, to defeat the force of the return of the sheriff, that service was not made in a manner which the facts justified, and in a proper case the return itself might be attacked as to its truthfulness. But we hold that it is *prima facie* evidence of the fact of service. Service was made upon one Michael Mullally, and the return of service made by the sheriff states that on the 31st of August, 1903, he served notice on Michael Mullally of the city of Marquette, Marquette county, Mich., by personally delivering such notice to him as aforesaid. The query is propounded in the brief of complainant's counsel as to whether this may be taken as a statement that Michael Mullally resides in the county of Marquette. It seems to us that no other inference could be drawn from the language. But further than this, in the plaintiff's chain of title introduced by himself, Michael Mullally is described as being of the city of Marquette and the county of Marquette, so that there can be no doubt of that being in fact his residence.

A good deal of criticism is made of the service made on the Cazenovia Land Company. The evidence shows that the Cazenovia Land Company was a company doing business in Milwaukee, Wis. This was described in deeds introduced by complainant itself. The return of

the sheriff is that he served the notice on "Louis Ellis, secretary of the Cazenovia Land Company," by depositing in the post office at the city of Bessemer, for transmission through the United States mail, one registered letter, containing a true copy of said notice, addressed to

" 'Louis Ellis, Secretary of the Cazenovia Land Company, Mil., Wis.,' a receipt for which said registered letter, signed by the said above-named person as secretary, is hereto annexed, and forms a part of this return."

There is appended to this a receipt of the postmaster at Bessemer for the letter addressed to "Louis Ellis, Secty., Milwaukee, Wis.," and there is a receipt for the letter, described as a letter of the same number, "No. 262, from Bessemer, Mich., addressed to Louis Ellis, Sec. Cazenovia Land Co.," and receipted for by "Louis Allis, Secty.," A. H. Green, addressee's agent. It is admitted that Louis Allis is the secretary of the Cazenovia Land Company. The technical point is made that the return does not show that this letter was addressed to Milwaukee, Wis., but to Mil., Wis. The return, however, refers to the receipts appended, and, read in connection with them, leaves no doubt that " Mil.," as used, is an abbreviation of Milwaukee, Wis., and it cannot be assumed, either, that the letter was received by anyone other than the party to whom it was addressed. It appeared upon the receipt itself that, when delivery is made to the agent of the addressee, both addressee's name and the agent's must appear, and that a registered article must not be delivered to anyone but the addressee, except upon the addressee's written order, so that, according to the rules of the post-office department, as indicated by the memorandum upon this receipt, this letter must have reached its destination, and have found its way into the hands of Louis Allis, secretary of the Cazenovia Land Company.

Another letter was addressed to Harry P. Edwards, of Cleveland, Ohio. The record in the office of the register of deeds showed some conveyance to Harry P. Edwards, so that the letter was properly addressed to Harry P. Ed-

wards. The registry receipt acknowledges receipt of the registered letter "No. 263, P. O. Bessemer," addressed to Harry P. Edwards. This receipt is signed H. P. Edwards, per H. R. Edwards. It is said that there is no evidence as to the handwriting of Harry R. Edwards, nor is there any evidence that H. R. Edwards, who purports to sign the receipt, is Harry R. Edwards or Harry P. Edwards. This is again very technical. For if we turn to the case made by the complainant, we find that the complainant saw fit to introduce the record of an affidavit made by Harry R. Edwards of Cleveland, Ohio, dated November 29, 1905, setting forth that Harry R. Edwards is the same person to whom the land was conveyed by Thomas Dyer as Harry P. Edwards. It would seem, therefore, that the defendant, having addressed the letter to the proper party, namely, the one whose name appeared of record as the owner, succeeded in getting it into the hands of the proper party, namely, the one whose real name was misnamed of record. There is no ground for complaint.

The point is made that the answer set forth that one of the last recorded owners of the title at the time of service was Mary L. Dodds. It is stated in the brief of defendant's counsel that this was a mistake, but what is more, complainant's case shows a complete chain of title, which excludes Mary L. Dodds from any ownership or interest in the property.

All parties, therefore, appear to have been properly served, and the circuit judge was correct in holding that the complainant's title is cut off.

The decree is affirmed.

GRANT, OSTRANDER, HOOKER, and MOORE, JJ., concurred.