HILDIE *v.* ECKHART.

1. TAXATION—REDEMPTION—NOTICE—SUFFICIENCY.
   Where the notice to redeem from tax sale advised the owner that his land had been sold for taxes and that he could redeem within six months for a certain definite sum, the notice was not invalid because in giving the years for which sale was made one year was omitted, in the absence of a showing that he was prejudiced thereby.

2. SAME—NOTICE—RETURN.
   1 Comp. Laws 1915, § 4138, requiring that if the last grantee be a resident of any county other than that in which the land is situated, then the return as to such person shall be made by the sheriff of the county where such person resides, does not require that the return be made by the sheriff of a county where the grantee resided 22 years before, when the deed was executed, where, after diligent search, the whereabouts of said grantee could not be ascertained.

3. SAME—NOTICE TO HEIRS OF GRANTEE—PRESUMPTIONS.
   In the absence of information that the grantee was deceased, it was unnecessary for the sheriff's return to show that he was unable to locate her heirs; the lapse of 22 years after the date of her deed giving her residence being insufficient to warrant the presumption that she was deceased.

4. SAME—DESCRIPTION—GOVERNMENT DESCRIPTION—STATUTES.
   Under Act No. 9, Pub. Acts 1882, amending the tax law requiring assessing officers to follow the government description of land, and allowing it to be assessed by any description by which it might be known, land described in a way that could have been easily understood by the owner was a valid description.

5. SAME—HUSBAND AND WIFE.
   The rule preventing a husband from purchasing a tax title upon land of his wife is not applicable where the wife had been dead for three years, and the title had descended directly to her daughter.

6. SAME—REDEMPTION—NOTICE.

  The record holder of a tax deed for the taxes of an earlier
    year is entitled to notice of redemption from a subsequent
    tax title purchaser.

Error to Ogemaw; Sharpe, J. Submitted April 16, 1918. (Docket No. 92.) Decided October 7, 1918.

Ejectment by Lundus A. Hildie against Morris Eckhart. Judgment for defendant. Plaintiff brings error. Reversed.

*William T. Yeo,* for appellant.

*Harris & Chapin,* for appellee.

BIRD, J. Plantiff brought ejectment to recover the possession of lot one (1) in section two (2), town twenty-three (23) north, range one (1) east, containing 51.75 acres. The land is situate on the north shore of Clear Lake in Ogemaw county. It is conceded that plaintiff is the last grantee in the regular chain of title from the government. Defendant relies on a tax deed for the years 1894-1898 and 1900, which was issued on March 15, 1905, by the auditor general, for which the grantee paid a consideration of $35.92. No question is raised as to the validity of this deed. Plaintiff, however, takes the position that no valid notice of reconveyance was ever served on him or his grantors, and he therefore concludes that he is entitled to the possession of the premises. Defendant, to meet this contention, shows that in January, 1908, Mary McKay, one of his grantors, caused a notice of reconveyance to be placed in the hands of the sheriff of Ogemaw county to be served on Orrintha F. Ellsworth, who was at that time the owner of plaintiff's title. The sheriff returned that he was unable to find Orrintha Ellsworth and substituted service was had by publication. After hearing the proofs the trial court reached the conclusion that the notice of reconveyance was valid, and therefore dismissed the suit.

1. The invalidity of the notice is asserted by plaintiff because it omitted to state one of the years for which the sale was made. The cardinal purpose of the notice is to apprise the party or parties to whom the notice is addressed that the premises have been sold for taxes and that they can repurchase them for a certain consideration within a stated time. We are unable to see how the owner in this case could have been better advised of these important facts. The notice in question advised him that his premises, describing them, had been sold for taxes, and that he could redeem them within six months for the sum of $76.92. The notice also stated the years for which the sale was made, but in doing so it omitted the year 1894. Had the notice imparted this additional information it would have placed him in no better position to protect his interest, as the redemption open to him was by paying an aggregate sum, not by paying each year's tax by itself. The fact that the sale included the 1894 taxes was a matter of record and payment of the amount demanded would have disclosed the information. While we have been inclined to insist upon a strict compliance with the statutory notice we think it would be a too rigid construction to hold that the notice is invalid for this reason. Where the sale is made for more than one year's taxes, the omission of one year ought not to invalidate the notice of reconveyance in the absence of a showing that the person entitled thereto has been prejudiced thereby.

2. Exception is also taken to the return of the sheriff as not being sufficient. As has been stated, Orrintha Ellsworth was the last grantee of record at the time the notice was served in January, 1908. She purchased the premises in the year 1886, and the deed which she received and which is of record, recites her residence as the city of Detroit. This appears to have

been the only information the sheriff had as to her residence. He followed this information and made a search for her in Detroit. In this he was assisted by the sheriff's force of Wayne county in examining city directories and making inquiries. Being unsuccessful in this attempt to locate her the sheriff left a copy of the notice with the sheriff's force in Wayne county. He heard nothing further from his search in Wayne county and was unable to find her elsewhere, or to ascertain her postoffice address, and he accordingly made a return to that effect.

The point made by counsel is that the sheriff of Wayne county should have made a return. He bases this contention upon the following provision of the tax law:

"*Provided,* That if the grantee or grantees, or the person or persons holding the interest in said lands as aforesaid, shall be residents of any county of the State other than the county in which the land is situated, then such return as to such person shall be made by the sheriff of the county where such person or persons reside." * * * 1 Comp. Laws 1915, § 4138.

It does not appear that the sheriff had information that Mrs. Ellsworth lived in Detroit except the information which he gathered from the deed made 22 years previously. He made the most of this information by an attempt, which appears to have been a good faith attempt, to locate her in the city of Detroit, but in this attempt he failed. We do not think the fact that the Wayne county sheriff assisted in making a search to learn whether she was a resident of Wayne county, would make it necessary for the sheriff of Wayne county to make a return of that fact. Had the investigation disclosed that she resided in Wayne county but could not be found therein it would then have been the duty of the sheriff of Wayne county to

return the fact. But it could hardly be expected that the sheriff of every county in which a search was made to learn whether she was a resident therein would be obliged to make a return that he was unable to find her.

It is further argued that the return should have shown that the sheriff was unable to locate her heirs. This would be unnecessary unless the sheriff had some information that she was deceased. The proofs fail to show that either he or any one else connected with the transaction had such information. Neither was the lapse of time so great after she purchased the premises that the sheriff would be expected to indulge the presumption that she was deceased.

3. During all the time that Orrintha Ellsworth owned the land it was delinquent for the taxes of 1885. Subsequent to her death and in 1893 M. H. Ellsworth, her husband, purchased a tax deed from the State of the north 40 acres of the tract, which was described as the northwest quarter (¼) of the southwest quarter (¼) of section two (2). Later Ellsworth joined with his daughter in conveying title to plaintiff's grantors. It is claimed by plaintiff that Ellsworth should have had notice of reconveyance, inasmuch as his tax deed was of record. Defendant replies to this contention that there is no such land in Ogemaw county as is described in the auditor general's deed to Ellsworth, and that such a description would be no notice to a tax deed purchaser that Ellsworth had any interest in the land in question. The basis of this contention is that the description of the premises for taxing purposes should have followed the government field notes and plat book and been described as lot one (1), section two (2), etc., containing 51.75 acres. This description was the result of meandering Clear Lake. The contention that this was an erroneous description finds support in the case

of *King* v. *Potter*, 18 Mich. 134, where a similar situation was under discussion. The opinion in that case was rendered in the year 1869 and was rested on the statute. The statute referred to is section 804, 1 Comp. Laws 1857, which made it incumbent upon assessing officers to follow the government description. At the session of 1882 (Act No. 9, Pub. Acts 1882), section 16 of the tax law was amended to read as follows:

"SEC. 16. The description of real property may be as follows, viz.:

"*First.* If the land to be assessed be an entire section, it may be described by the number of the section, township, and range.

"*Second.* If the tract be the subdivision of a section authorized by the United States for the sale of public lands, it may be described by the designation of such subdivision with the number of the section, township, and range.

"*Third.* If the tract be less or other than such subdivision, it may be described by designation of the lot or other lands by which it is bounded, or in some way by which it may be known.

"*Fourth.* In cases of lands platted or laid out as a town, city, or village, or as an addition to a town, city, or village, the same may be described by reference to such plat and by the number of the lots and blocks thereof, whether such plat be recorded or not.

"*Fifth.* When two or more parcels of land are used or occupied together, they may be assessed by one valuation.

"*Sixth.* Lands may be designated by any description by which they may be known."

Subdivision 6 was brought into our statutes by this amendment.

The taxes for the year 1885 were assessed after this amendment was passed. At that time it was permissible to designate lands for the purpose of assessment by any description by which they might be known. When this assessment was made there were

two ways which occur to us in which the land could have been described: Either the north forty (40) acres of lot one (1), section two (2), etc., or the northwest quarter (¼) of the southwest quarter (¼) of section two (2), etc. Either way would have been a reasonably familiar description and one that could have been easily understood by the owner. We are, therefore, of the opinion that the contention that this description was an erroneous description and rendered notice of reconveyance unnecessary must be overruled.

4. But it is further argued by defendants that Ellsworth could not become the owner of a tax title on lands owned by his wife's estate, thereby invoking the general rule which prohibits one from purchasing property at a sale for nonpayment of taxes whose legal and moral duty it was to pay the taxes, or one who stands in a fiduciary relation to the owner, citing the recent case of *Myers* v. *Myers,* 186 Mich. 220. The facts involved in this case do not appear to be within the general rule nor within the principle of *Myers* v. *Myers.* Without deciding the question whether Ellsworth would have been entitled to notice had this principle of law been applicable to his purchase, it may be said that, at the time Ellsworth made the purchase of this tax deed his wife had been dead for three years. She died in August, 1890, and he did not make the purchase until 1893. She died intestate, leaving one heir, a daughter. The title, upon the death of Orrintha, went directly to the daughter, and thereafter she was the owner. The question therefore which arises is one between the father and daughter rather than between the husband and his wife's estate. The record does not show whether the daughter was a minor at that time, but this is unimportant as Ellsworth's right to purchase the tax title as against his daughter is not questioned.

Ellsworth's deed was of record and its validity is

not questioned. We, therefore, conclude that he was entitled to the statutory notice. The failure to serve it makes it necessary to reverse the judgment. Plaintiff will recover his costs in this court.

STEERE, BROOKE, STONE, and KUHN, JJ., concurred with BIRD, J.

OSTRANDER, C. J. I concur in reversal. Mr. Ellsworth was entitled to notice because he was grantee in the tax deed, and the statute makes the giving him a notice imperative.

MOORE and FELLOWS, JJ., concurred with OSTRANDER, C. J.