MAY E. HALL, Appellee, v. L. A. SWANSON et al., Appellants.

**CONSPIRACY:** Civil Liability—Essential Elements. A conspiracy
1 cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action.

**FRAUD:** Acts Constituting—Nonreliance on Representations. Fraud
2 may not be based on alleged false representations as to the value and condition of property when it appears that complainant had unrestricted opportunity to investigate said representations and availed himself to the fullest extent of said opportunity.

Headnote 1: 12 C. J. p. 582. Headnote 2: 26 C. J. pp. 1203, 1221.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

JANUARY 12, 1926.

ACTION at law to recover damages on account of an alleged conspiracy between defendants to defraud the plaintiff by inducing her to make an exchange of property rights in three Polk County, Iowa, lots which she had bought on contract, known as Lots 10, 11, and 12 of Casebeer Orchards, for property rights in three Des Moines, Iowa, lots, known as Lots 26 and 28 of Willoughby Acres and Lot 23 of Roosevelt Park. There

was a trial to a jury, and verdict for plaintiff in the sum of $1,225. From the judgment entered, defendants appeal.—*Reversed.*

*M. E. Van Laningham, Harold Thomas, George Harnagel,* and *Henry H. Griffiths,* for appellants.

*John D. Denison,* for appellee.

DE GRAFF, C. J.—The case at bar was commenced as an action to recover damages on account of alleged fraudulent representations made by the defendants respecting the value of

1. CONSPIRACY: civil liability: essential elements.

certain equities in Lots 26 and 28 of Willoughby Acres and Lot 23 of Roosevelt Park, and the damage claimed was in the sum of $3,000. By amendments to the petition, the claim is made that the defendants entered into a conspiracy to defraud the plaintiff by representing that the equities in Willoughby Acres and Roosevelt Park were of more value than they actually were worth.

A conspiracy to defraud, in so far as civil liability may be predicated thereon, is fairly well defined. It is essential that there be some designed and positively fraudulent artifice employed, or that a fraudulent intent should exist on the part of the parties sought to be held, and that such fraud or artifice should be practiced on the party defrauded. A mere conspiracy to commit a fraud is never of itself a cause of action. It must be proved that there was a conspiracy to defraud and a participation in the fraudulent purpose, either in the scheme or in its execution, which worked injury as a proximate consequence. A conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action. *Jayne v. Drorbaugh,* 63 Iowa 711; *Bitzer v. Washburn,* 121 Iowa 462.

The fraud alleged in the petition is that the defendants misrepresented the value and condition of the lots in Willoughby Acres and the value of the equity of the lot in Roosevelt Park,

2. FRAUD: acts constituting: nonreliance on representations.

and that, if the properties in Willoughby Acres and in Roosevelt Park had been as represented by the appellants, they would have been worth

$3,000 more than they actually were worth. This appeal calls for a determination whether or not any fraud was practiced by any of the defendants upon the plaintiff. Her complaint is that she was unacquainted with real estate values; that Hall, representing the Corn Belt Land Company, had once done her a good deed, and seemed fatherly; and that Hall and others, with the defendant L. A. Swanson, represented that the equity in the Willoughby Acres property was about $2,000, and in the Roosevelt property, about $1,000, that the cellar in the Willoughby Acres house was cemented and dry, and that the lots could be easily drained and cultivated. She appears to make some complaint because one Cummins told her a Mr. Brahm would trade to her 40 acres near Keosauqua for the Willoughby lots.

These allegations are not supported by the evidence. On the contrary, the evidence shows that she had, before this transaction, purchased property in a similar manner and sold it and made money on it; that, when she came to Hall and talked with him about trading for the Keosauqua farm, she would not trade until she had gone down there and looked the property over, although she claims that Hall suggested that she need not go. She did go, but the deal was not consummated. She did not make the trade for the Willoughby Acres property until she had made several trips to see it. She admits that Swanson and Cummins both told her and showed her the condition of the property, and she knew that the lots were wet and that there was a crack in the cellar where the water seeped in, and that this was due to the construction of a bridge which the city would have to fix, and which it did afterwards fix. These facts are admitted by her own evidence. Under such a record, we are not justified in holding that any misrepresentations had been made to her to induce her to enter into this contract. Despite her plea that she has been imposed upon by reason of her inexperience and inability to judge of values, her evidence discloses that the converse is true.

She was dealing with these parties at arm's length. They were under no obligation to her whatsoever, except that possibly Hall was obligated to use that degree of good faith that is required of an agent to his principal. The evidence wholly fails to show that he in any way betrayed his trust.

This is not a case in which there were any representations that the land was of any particular value, or that the soil was of any particular nature, or that the improvements were of any particular kind.  It is a case where the plaintiff had an opportunity to see everything under consideration, and she took advantage of that opportunity, and inspected carefully everything before she bought it, and used her own judgment with respect thereto.  If her judgment proved faulty, that cannot be charged to the appellants, and, if their judgment with respect to the value of the equity in the Willoughby Acres property was faulty, it cannot be charged that they thereby were guilty of fraud in expressing their judgment.

The record fails to show fraud upon which plaintiff could base an action to recover damages.  This being so, the charge of conspiracy must fail.  Wherefore, the judgment entered is— *Reversed.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.