CHILTON'S, INC., *v.* WILMINGTON APARTMENT CO.

1. TAXATION—NOTICE OF RECONVEYANCE—STATUTES.
   Provisions of general tax law relative to personal or substituted service of notice of right to reconveyance which must be made before issuance of tax deed *held*, not ambiguous (CL 1948, § 211.140).

2. SAME—NOTICE OF RECONVEYANCE.
   The purchaser at a tax sale need not make service of the notice of right to reconveyance upon a party or parties other than those specified in the tax law (CL 1948, § 211.140).

3. SAME—PURCHASER OF PROPERTY.
   One who purchases property not exempt from taxation is charged with notice that taxes were being levied on the premises.

4. SAME—FAILURE OF PURCHASER TO RECORD ITS DEED.
   Failure on the part of the purchaser of property to put its deed on record and to have the property entered for taxation in its name subjected it to the hazards of the situation resulting therefrom.

5. EQUITY—RELIEF—VOLUNTARILY ASSUMED RISK.
   A court of equity will not relieve a party from the consequences of a risk which he voluntarily assumes.

6. TAXATION—FAILURE OF PURCHASER TO RECORD ITS DEED—EFFECT.
   The failure of the purchaser of property to record its deed thereto did not result in the imposition of any duty on the part of the seller, its agent, or purchaser at tax sale and his transferee to assume that plaintiff was not aware of the fact that it had not recorded its deed and entered the property for taxation in its name.

[1] 50 Am Jur, Statutes § 226.
[2, 6, 7, 10] 51 Am Jur, Taxation § 1022 *et seq.*
[3, 4] 51 Am Jur, Taxation §§ 681–684.
[5] 19 Am Jur, Equity § 28 *et seq.*
[8, 9] 11 Am Jur, Conspiracy §§ 45–48.
[11] 14 Am Jur, Costs § 92.
[12] 30A Am Jur, Judgments § 48 *et seq.*

7. SAME—TAX SALE—NOTICE—RIGHT TO RECONVEYANCE.

The provisions of the general property tax law as to the matter of notice of tax sale and the right to reconveyance are controlling and, where they have been complied with, may entitle the purchaser at tax sale to tax deed (CL 1948, § 211.140).

8. CONSPIRACY—PLEADING—RECORDING OF PURCHASER'S DEED—TAX SALE.

Plaintiff purchaser of property whose deed had not been recorded and who knew it had not paid the taxes thereon, had no right to assume that another had done so, *held,* not to have sufficiently alleged facts supporting claimed conspiracy on part of seller, its agent, purchaser at tax sale, and latter's transferee in that no agreement among them to injure plaintiff is alleged.

9. SAME—CIVIL ACTION.

A civil cause of action may not be predicated on an alleged conspiracy in the absence of an act or acts by 1 or more of the conspirators in furtherance thereof which worked injury as a proximate consequence.

10. TAXATION—FIDUCIARIES—EQUITY.

Mere allegations of failure of defendants to advise plaintiff grantee under unrecorded deed that plaintiff had not paid taxes on the property, where such defendants were under no duty to inform plaintiff of such fact and did not occupy a fiduciary relation to plaintiff, justified trial court's granting of defendants' motions to dismiss bill for equitable relief.

11. COSTS—BRIEFS.

No costs are allowed upon affirmance of decree dismissing bill, where appellees did not file a brief.

12. JUDGMENT—CONSENT AS TO FORM—WAIVER OF NOTICE OF HEARING.

A losing party who consents merely to the form of the decree and waives notice of hearing to settle the order or decree or judgment, should specify the limitations upon his consent which he seeks to impose.

BLACK and SOURIS, JJ., dissenting.

Appeal from Wayne; Culehan (Miles N.), J. Submitted June 6, 1961. (Docket No. 3, Calendar No. 48,895.) Decided December 28, 1961.

Bill by Chilton's, Inc., a Michigan corporation, against Wilmington Apartment Co., a Michigan

corporation, Fred Benson, Mary Benson, Homer C. Shafmaster, and Lionel E. LeMay to set aside deeds deriving from tax sale. On motion, bill dismissed as to defendants Benson and LeMay. Plaintiff appeals. Affirmed.

*Bernard S. Kahn,* for plaintiff.

CARR, J. Plaintiff brought this suit in the circuit court of Wayne county for the purpose of obtaining a decree setting aside certain deeds of a lot in the city of Livonia. Said lot was purchased by plaintiff in June, 1954, from defendant Wilmington Apartment Company, the grantor being represented in the transaction by defendant Shafmaster. The deed was not recorded nor did plaintiff cause the lot to be entered for taxation in its name. In consequence, on May 7, 1957, the lot was sold for the delinquent taxes of 1954, the purchaser being the defendant Fred Benson. On July 10, 1958, a tax deed was issued to Benson pursuant to his purchase. In February, 1960, defendants Benson conveyed the premises in question to defendant Lionel E. LeMay.

Plaintiff's bill of complaint averred that the deed was not recorded "through inadvertence", and that plaintiff also failed to notify the city or county treasurers' offices that it had acquired title. The pleading further alleged that tax bills were sent to the Wilmington Apartment Company and came to the attention of defendant Shafmaster, and that it was the duty of said defendants to forward the same to plaintiff. It was averred that notwithstanding said alleged duty the defendants Shafmaster and Wilmington Apartment Company concealed from plaintiff the knowledge of the tax bills and the delinquent notices thereon. It was further plaintiff's claim that all defendants in the case knew of plain-

tiff's interest in the property, and that they entered into a conspiracy to conceal the notice of tax sale and the status of delinquent taxes from the plaintiff. On the basis of such charge the court was asked to set aside all conveyances of the lot subsequent to that which vested title in the plaintiff. It may be noted that the auditor general was not made a party defendant in the case.

Defendants Benson and defendant LeMay filed motions to dismiss the bill of complaint for the reasons that it stated no cause of action against said defendants, that plaintiff was chargeable with notice with reference to the levying of taxes on the lot, that the situation with reference to which the plaintiff complained resulted from the failure to record the deed, and that the suit had been brought too late. Following hearing of the motions an order was entered dismissing the bill of complaint as to defendants Benson and LeMay on the ground that no question of fact to be decided by the court had been raised by the pleading. From such order plaintiff has appealed.

It is the claim of appellant as set forth in its brief that Benson, the purchaser at the tax sale, knew that plaintiff was the actual owner of the lot in question and that, in consequence, the statutory notice of right to a reconveyance should have been served on plaintiff. Apparently it is plaintiff's theory also that the other defendants owed a duty to inform plaintiff with reference to the delinquent taxes and the tax sale. It is not disputed that Benson caused the notice to be served by the sheriff on the Wilmington Apartment Company, the last grantee in the chain of title appearing by the records in the office of the register of deeds of Wayne county. It is plaintiff's claim that such service was "false and fraudulent."

Section 140 of the general property tax law of the State* (CL 1948, § 211.140 [Stat Ann 1960 Rev § 7.198]) requires as a condition prerequisite to the issuance of a tax deed to the purchaser at a tax sale that there shall have been filed with the county clerk of the county a return by the sheriff of the county showing that:

"he has made personal service of a notice, or proof of substituted service thereof, as hereinafter provided, upon the person or persons appearing by the records in the office of the register of deeds of said county to be the last grantee or grantees in the regular chain of title of such lands, or of any interest therein, at the date of the delivery of such notice to the sheriff for service, and upon the person or persons, if any there be, in the actual open possession of such lands at the date aforesaid, and upon the grantee or grantees under the tax deed issued by the auditor general for the latest year's taxes then appearing of record in said registry of deeds, and upon the mortgagee or mortgagees named in all undischarged recorded mortgages or any assignee or assignees thereof of record at the date aforesaid, and upon the holder of record of all undischarged recorded liens."

The statute further prescribes the form of the reconveyance notice and also makes provision for substituted service by publication upon any person entitled to notice under the statute whose whereabouts or post-office address cannot be ascertained after careful inquiry. The language of the statute is not ambiguous. As remarked by the Court in *G. F. Sanborn Co.* v. *Richler,* 176 Mich 562, 565:

"This language is so plain as to render construction unnecessary."

---

* PA 1893, No 206, as amended (CL 1948, § 211.1 *et seq.*, as amended [Stat Ann 1960 Rev § 7.1 *et seq.*]).

The person or persons entitled to the notice of the tax sale must be determined in accordance with the records showing the chain of title of the land in question in the office of the register of deeds of the county where the property is located. There is no requirement that the purchaser at the tax sale shall make service on a party or parties not specified by the tax law. In the instant case it is clear that Benson followed the statute in causing the notice to be served on the last grantee in the regular chain of title of the lot in question, such grantee being the Wilmington Apartment Company.

Counsel for appellant has cited several decisions of this Court in connection with the claim that notice of the tax sale should have been served on plaintiff, stressing the fact that in such cases the duty arises to exercise diligence and good faith in the attempt to ascertain the residence of a party entitled to notice, or the post-office address thereof. Typical of such cases is *Winters* v. *Cook,* 140 Mich 483. This was a suit to quiet title, the defendant being the grantee named in the last recorded tax deed of the premises. In other words, the question was whether due diligence had been exercised to discover the residence or address of the party entitled to notice under the statute. In *Hildie* v. *Eckhart,* 203 Mich 346, a party holding an interest of record in the case, and hence entitled to notice, was not served. In *Wolf* v. *McDonald,* 244 Mich 59, the question was raised that due diligence had not been exercised in order to ascertain the residence of the grantee in the last recorded deed in the regular chain of title. The statement of the Court with reference to the lack of proper inquiry in the case had reference to service on such grantee rather than on a party holding an unrecorded conveyance of some nature and not entitled to notice in accordance with the provisions of

the tax law. Other decisions to which attention has been directed are of like nature.

That plaintiff was charged with notice that taxes were being levied on the lot is not open to question. No claim is made that the lot was exempt from taxation for any reason, or that plaintiff believed such to be the case. Failure on the part of plaintiff to put its deed on record and to have the property entered for taxation in its name subjected it to the hazards of the situation resulting therefrom. It has been said that:

"A court of equity will not relieve a party from the consequences of a risk which he voluntarily assumes." *Patterson* v. *Brown,* 32 NY 81; *McCredie* v. *Buxton,* 31 Mich 383, 388; *Blunt* v. *Auditor General,* 324 Mich 675, 680.

Clearly the failure of plaintiff to properly protect its interest in the lot did not result in any duty on the part of any of these defendants to assume that plaintiff was not aware of the actual situation and to advise it with reference thereto. Defendant Benson followed the statute. In the cases cited by appellant and in other decisions of like nature this Court has repeatedly recognized that insofar as the matter of notice of tax sale and the right to reconveyance is concerned the statute is controlling. See, further, in this regard *Bruun* v. *Hansen,* 281 Mich 362, 364, and the prior decision cited therein, *Price* v. *Stark,* 259 Mich 407.

As before noted, plaintiff charged in its bill of complaint that the defendants had entered into a fraudulent conspiracy to conceal from the plaintiff the notice of the tax sale and the status of the delinquent taxes. However, plaintiff knew that it had not paid the taxes on the property and it had no right to assume that another had done so. No facts are alleged in the bill of complaint tending to show

that the defendants entered into any agreement among themselves to injure plaintiff. It is generally recognized that a cause of action may not be predicated on an alleged conspiracy in the absence of an act or acts by 1 or more of the conspirators in furtherance thereof. In 15 CJS, Conspiracy, § 5, p 1000, attention is called to the fact that in a criminal prosecution for conspiracy it is not essential that the object thereof should have been accomplished. Commenting further (section 6), it is said:

"Civil liability rests on different grounds, however, and, unless actual damage has resulted from something done by 1 or more of the conspirators in furtherance of the object of the conspiracy, no civil action lies against anyone."

And it is further declared (section 8, p 1002) that:

"There can be no independent tort for conspiracy unless in a situation where mere force of numbers acting in unison or other exceptional circumstances may make a wrong."

In *Hall* v. *Swanson,* 201 Iowa 134 (206 NW 671), it was said:

"A conspiracy to defraud, insofar as civil liability may be predicated thereon, is fairly well defined. It is essential that there be some designed and positively fraudulent artifice · employed or that a fraudulent intent should exist on the part of the parties sought to be held, and that such fraud or artifice should be practiced on the party defrauded. A mere conspiracy to commit a fraud is never of itself a cause of action. It must be proved that there was a conspiracy to defraud and a participation in the fraudulent purpose, either in the scheme or in its execution, which worked injury as a proximate consequence. A conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action. (Citing cases.)"

In the instant case plaintiff's bill of complaint does not allege any affirmative act on the part of any one of the defendants of a fraudulent character or causing damage to plaintiff. The gist of the complaint is that defendants failed to advise plaintiff with reference to the delinquent taxes and the tax sale. No facts are alleged from which the duty to so advise might arise. It is charged that Benson obtained a quitclaim deed of the lot from the Wilmington Apartment Company. Such fact did not create any fiduciary relation as between Benson and plaintiff, nor impose on Benson any duty for plaintiff's protection. It is averred further that in 1956 an agreement was entered into between plaintiff and defendant LeMay, the purpose thereof apparently being the improvement for parking purposes of certain land belonging to LeMay with the right of both parties to use the same under certain conditions. This agreement contained the statement, apparently not connected in any way with the main purpose of the agreement, that:

"In the event Chilton's desires to sell vacant lot adjacent to property now owned by Chilton's, LeMay will be given first opportunity to purchase same."

Nothing further was stated with reference to the terms and conditions of any purchase, and it does not appear that plaintiff ever sought to sell the vacant lot, which is the property involved in the instant case. At most the provision was merely an attempt to grant a conditional right in the future and the condition specified did not eventuate. No fiduciary relation was thereby created, and no duty imposed on LeMay to act affirmatively for plaintiff's benefit.

We are in accord with the holding of the circuit judge that the bill of complaint filed in the case failed to allege facts sufficient to establish a cause of action.

Mere conclusions and statements not supported by factual averments were not sufficient to that end. The motions to dismiss were properly granted and the order from which the appeal has been taken is affirmed, but without costs, appellees not having filed a brief in this Court.

On the oral argument of this case by the attorney for plaintiff his attention was called to the fact that the order dismissing the bill of complaint as to defendants Benson and LeMay was approved by him "as to form and substance." The statement suggests a consent decree. Counsel stated on the argument that he did not so intend it, and that the purpose was merely to waive notice of hearing on the formal entry of the order. A supplemental appendix has been filed containing the affidavits of the attorney for the plaintiff and the attorneys for defendants Benson and LeMay which indicate that all parties concerned regarded the form of approval as merely a waiver of a further hearing to settle the form of the order. Undoubtedly such was the actual intent, but the fact remains that the form of approval of the order signed by counsel for appellant does not accurately express such intent. A statement of such character should not be ambiguous or require explanation as to the intent of the parties. If it is a mere consent as to form, with perhaps a waiver of notice of hearing to settle the order or decree or judgment, no reason is apparent why it should not so specify. We call to the attention of counsel the opinion of this Court in *Sauer* v. *Rhoades,* 338 Mich 679, and prior decisions therein cited. See, also, *Longo* v. *Minchella,* 343 Mich 373. As above indicated, we are disposing of the present case on the merits.

DETHMERS, C. J., and KELLY, EDWARDS, and KAVANAGH, JJ., concurred with CARR, J.

Black, J. *(dissenting)*. It is alleged by plaintiff, and should be presently accepted as true, that defendants knew actually of its interest in the lot and that they failed to notify it of the fact of filing of the return, under section 140 of the general property tax law (CL 1948, § 211.140 [Stat Ann 1960 Rev § 7.198]), and failed otherwise to give it that opportunity of reconveyance to which plaintiff, as actual owner, would have been entitled had the deed from Wilmington been timely recorded. In such circumstances equity may and should impute to the holder of a tax deed that duty of fair—no, decent—dealing which is woven into each of her maxims. We said, of said section 140 of the general tax law (*Winters* v. *Cook,* 140 Mich 483, 487):

"This section was designed as a relief to owners of delinquent tax lands, and to prevent the divestiture of their titles, beyond redemption, through ignorance, inattention, or carelessness. It plainly indicates that the purchaser is expected to give an express notice, wherever practicable, with a 6-months interval thereafter, within which the land may be redeemed. It imposes upon the purchaser the obligation of good faith, and an earnest effort to ascertain the owner and his whereabouts, and an honest attempt to give him actual notice and the statutory opportunity. Any effort to avoid it through fraud or collusion, or intentional omission to comply with the spirit of this statute, should not be permitted to be effective, if the courts can legitimately avoid it."

It would have cost defendants nothing, and occasioned them little difficulty, to inform plaintiff of the impending peril of loss of its title. Which is to say that the chancellor should have determined, upon the taking of necessary testimony, whether defendants did or did not know as alleged about plaintiff's interest in the lot. If they did have such knowledge, then it would seem that the case calls for a full

testimonial hearing of plaintiff's allegations of conspiracy.

I would reverse and remand for due pleading and hearing.

SOURIS, J., concurred with BLACK, J.

OTIS M. SMITH, J., took no part in the decision of this case.