**James E. JOHNSON, Plaintiff,**

**v.**

**MICHIGAN DEPARTMENT OF TREASURY, Douglas B. Roberts, Department of Natural Resources, K.L. Cool, Wayne County Treasurer Raymond J. Wojtowicz and Tommy A. Dixon, Jr., Defendants.**

**No. Civ.A. 98–CV–72154DT.**

United States District Court,
E.D. Michigan,
Southern Division.

May 25, 1999.

Sean C. Shearer, Detroit, MI, Sabrina E. Moss, Detroit, MI, for James E. Johnson, plaintiff.

James E. Johnson, Detroit, MI, pro se.

Kevin T. Smith, Michigan Dept. of Atty. General, Lansing, MI, for Michigan Dept. of Treasury, Douglas B. Roberts, Michigan Dept. of Natural Resources and K.L. Cool, Director of Dept. of Natural Resources, defendants.

Horace D. Cotton, Detroit, MI, for Tommy A. Dixon, Jr., defendant.

Tommy A. Dixon, Jr., Detroit, MI, pro se.

Richard G. Stanley, Wayne County Corp. Counsel, Detroit, MI, for Raymond J. Wojtowicz, Wayne County Treasurer, defendant.

### *OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT*

FRIEDMAN, District Judge.

This matter is presently before the court on the following motions: (1) plaintiff's motion for partial summary judgment (filed 11–12–98); (2) defendant Wojtowicz's motion for summary judgment (filed 11–19–98); (3) the "state defendants"[1] motion for summary judgment (filed 12–15–98); (4) the state defendants' motion to strike plaintiff's second amended bill of review (filed 12–18–98); and (5) the concurrence of defendant Wojtowicz in the state defendants' motions for summary judgment and

---

1. The "state defendants" are the Michigan Department of Treasury, State Treasurer Douglas B. Roberts, Michigan Department of Natural Resources (now known as the Department of Environmental Quality), and MDEQ Director K.L. Cool.

to strike (filed 12–23–98). Pursuant to E.D.Mich. LR 7.1(e)(2), the court shall decide these motions without oral argument.

According to the complaint ("second amended bill of review"), plaintiff James E. Johnson purchased a house in Detroit, Michigan, on a land contract in August 1983. In September 1997, plaintiff was advised by the State of Michigan that the state claimed to have obtained title to the house through tax foreclosure proceedings and that the state intended to sell the house to a third party in October 1997. Plaintiff alleges he never received notice that taxes were due, that taxes were delinquent, that foreclosure proceedings had been initiated, or that the state had obtained title to the house. Plaintiff argues that defendants violated his fourteenth amendment due process rights by taking his property without notice. He seeks damages and title to the house. Plaintiff is suing the Michigan Department of Treasury, the State Treasurer, the Michigan Department of Natural Resources (now known as the Michigan Department of Environmental Quality), the director of MDEQ, the Wayne County Treasurer, and Tommy A. Dixon, Jr., who purchased the house at auction from the State of Michigan.

The material facts in this case are not in dispute. In August 1983, plaintiff purchased a house located at 12630 Wilshire, in the City of Detroit. He purchased the house on a land contract from Kay Victor Lask and Elizabeth E. Lask. The purchase price was $27,000. Plaintiff made a down payment of $8,000. The balance was to be paid in monthly installments of $298.47 over eight years. Under ¶¶ 1(c) and 2(e) of the land contract, plaintiff obtained immediate possession of the property but he was not to obtain title, by warranty deed, until the balance on the contract was paid off. The land contract provided that plaintiff would "reimburse the Seller annually for all taxes* (*and insurance) paid by the Seller . . . ."

The land contract was recorded with the Wayne County Register of Deeds. Significantly, however, plaintiff never notified the county of city taxing authorities that he had taken possession of the property or that he wished to be provided with copies of tax assessments or delinquency notices.[2] Accordingly, Kay Victor Lask remained in the records of the county and city taxing authorities as the titleholder to the property and the only party entitled to notice in the event of non-payment of property taxes.

After plaintiff took possession of 12630 Wilshire, the property taxes were paid for 1983, 1984, 1985, 1986, 1987 and 1988. The taxes for 1989, however, were not paid. By statute, the county treasurer was required to mail notice of the tax delinquency to "the persons assessed for those unpaid taxes as well as the legal owner of the property." M.C.L. § 211.57(2), (3). The county treasurer's office mailed delinquency notices to Kay Victor Lask, at 12630 Wilshire, in 1990 and 1991. Affidavit of Larry Wyka, ¶ 4. When the taxes remained unpaid, the country treasurer was required by statute to "send a notice to each person who, according to the records of his or her office, has an interest in [the] piece or parcel of land." M.C.L. § 211.61a(1). The county treasurer complied with this statute by mailing notice to Kay Victor Lask, at 12630 Wilshire, in 1992 that if the back taxes were not paid, the property would be sold at the May 1992 tax sale. Id. ¶ 5.

The State of Michigan purchased the property at the May 1992 tax sale pursuant to M.C.L. § 211.60. Affidavit of Thomas E. Willard, ¶ 3; Affidavit of Larry Wyka, ¶ 9. The county treasurer was required by statute to notify persons "who, according to the records of his or her office, has an interest in [the] piece or parcel of land," that the property had been

---

**2.** By paying a $5 fee annually, plaintiff could have requested that the county treasurer provide him with such notice. See M.C.L. § 211.57(4).

sold and that the title would vest in the purchaser unless redeemed. M.C.L. § 211.73c. The county treasurer sent such a notice to Kay Victor Lask at 12630 Whilshire; however, that notice was returned to sender because the addressee was unknown. *See* defendant Wojtowicz's motion for summary judgment, Exhibit B; Affidavit of Larry Wyka, ¶¶ 7, 8.

None of the notices from the county treasurer's office were addressed to plaintiff since he was not "the legal owner of the property," as no deed in his name was ever recorded with the register of deeds. Nor was plaintiff ever a person with an interest in the property *according to the records of the county treasurer's office* because plaintiff never notified the county treasurer's office of his possessory interest in the property. The mere fact that the land contract was recorded with the *county register of deeds* did not give notice to the *county treasurer's office* of plaintiff's possessory interest. To be kept apprised of the status of the property taxes on the property, plaintiff had only to follow the simple procedure provided by M.C.L. § 211.57(4)—namely, "pay an annual fee not to exceed $5.00 by February 1 to the county treasurer together with a parcel identification number and address of the property."

In September 1997, the Real Estate Division of the Department of Natural Resources mailed a notice to "occupant" at 12630 Wilshire stating that the property would be sold at auction in October 1997. Affidavit of Gary Hartsuff, ¶ 4 & Exhibit B. Plaintiff indicates that this is the "first & only notice that I received regarding delinquent property taxes addressed to me." Affidavit of James E. Johnson, p. 1. On October 20, 1997, plaintiff contacted the Michigan Department of Treasury, Local Property Services Division, and indicated that he had never received notice of his right of redemption. Pursuant to M.C.L. § 211.131e, the manager of that division, Thomas E. Willard, thereupon reopened the redemption period until November 20,

1997. Affidavit of Thomas E. Willard, ¶ 13. Because Willard then misidentified the property in his letter to the Wayne County Treasurer, informing him of the reopening, Willard again extended the redemption period until December 19, 1997. *Id.* ¶ 15. Willard granted plaintiff "one final redemption extension, to January 16, 1998, to redeem the property pursuant to section 131e. The property was not redeemed." *Id.* ¶ 16. The property was sold at auction in October 1997 to defendant Tommy Dixon. Affidavit of Gary Hartsuff, ¶ 6. Following expiration of the redemption period in January 1998, the Real Estate Division of the Department of Natural Resources provided Dixon with a deed to the property.

Plaintiff's entire case is based on the premise that he was entitled to notice of the tax delinquency and the tax sale. As noted above, this premise is incorrect. Plaintiff was never the "legal owner of the property," and he was therefore not entitled to be notified of any tax delinquencies. Nor was plaintiff ever a person with an interest in the property "according to the records" of the county treasurer, and he was therefore not entitled to be notified that the property would be, or had been, sold at a tax sale for nonpayment of taxes. Plaintiff acknowledges that he received notice of the impending sale of the property at auction, and he does not challenge defendants' assertion that the redemption period was extended at his request once he received that notice. Under these circumstances, it is quite clear that defendants did not violate any of plaintiff's due process rights.

While it is certainly regrettable that plaintiff lost possession of the property, defendants are not to blame. Plaintiff would have received notice of the tax delinquency if he had simply registered with the county treasurer's office. "Failure on the part of plaintiff to put its deed on record *and to have the property entered for taxation in its name* subjected it to the hazards of the situation resulting there-

from." *Chilton's, Inc. v. Wilmington Apartment Co.*, 365 Mich. 242, 248, 112 N.W.2d 434 (1961) (emphasis supplied). Plaintiff also had ample opportunity to redeem the property, following the sale to Dixon, but failed to do so. And, of course, the true wrongdoer in this matter is the seller of the property, or his successor, who failed to pay the 1989 property taxes. Quite simply, plaintiff has no claim against any of the defendants he has named in this action. Accordingly,

IT IS ORDERED that the summary judgment motions of defendants Michigan Department of Treasury, State Treasurer Douglas B. Roberts, Department of Natural Resources, DNR Director K.L. Cool, and Wayne County Treasurer Raymond Wojtowicz is granted.

IT IS FURTHER ORDERED that all other motions are denied as moot.

IT IS FURTHER ORDERED that the complaint is dismissed as to defendant Dixon for lack of subject matter jurisdiction.